(92 Misc. Rep. 466)

## SHANAHAN v. MONARCH ENGINEERING CO.

(Supreme Court, Special Term, Erie County.     December 11, 1915.)

DEATH ☞9—ACTIONS—ABOLITION.

Workmen's Compensation Law (Consol. Laws, c. 67) § 11, declares that the liability therein prescribed shall be exclusive, save where the employer fails to secure compensation to his employés as provided. Section 16 declares that if an injury causes death the compensation shall be known as a death benefit, and provides for payment to the surviving wife or dependent husband or surviving children, etc. There is no provision for payment of any benefit to surviving brothers and sisters. A right of action for wrongful death was created by Laws 1847, c. 450. Laws 1870, c. 78, which was in force at the time of the adoption of Const. 1895, provided for a right of action for the benefit of brothers and sisters, declaring that the amount recovered in the name of the personal representative should be for the exclusive benefit of the husband or widow or next of kin in the proportion provided by law for the distribution of personal property of intestates. Const. art. 1, § 18, declares that the right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation. Section 19, added in 1913, declares that nothing in the Constitution shall be construed to limit the power of the Legislature to enact laws for the protection of the lives, health, or safety of employés by providing for insurance and compensation for injuries and death, and that the Legislature may make the right of such compensation and the remedy therefor exclusive of all other rights and remedies for injuries or death of employés. *Held* that, though the Workmen's Compensation Law en-

acted thereunder declares that the remedies therein provided shall be exclusive, that act does not preclude a right of action for wrongful death by the brothers and sisters of a deceased servant, where there was neither husband, wife, nor children, who by Code Civ. Proc. § 1903, as amended by Laws 1911, c. 122, were entitled to the entire recovery to the exclusion of the next of kin, for, as the Workmen's Compensation Law provides for no recovery by brothers and sisters, such persons were left to the remedy they had under the earlier law.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 11; Dec. Dig. ☞9.]

Action by Margaret Shanahan, as administratrix of the estate of Michael Shanahan, deceased, against the Monarch Engineering Company. On demurrer to the answer. Demurrer sustained.

Hamilton Ward and W. J. Wetherbee, both of Buffalo, for plaintiff.

George P. Keating, of Buffalo, for defendant.

WHEELER, J. The plaintiff alleges in her complaint that her intestate, Michael Shanahan, was in the employ of the defendant as an iron worker, and engaged on a scaffold at or near the top of a building in process of construction; that owing to the negligence of the defendant in failing to properly construct and guard said scaffold the plaintiff's intestate fell to the ground and was instantly killed. The complaint alleges the intestate left him surviving, as his only heirs at law and next of kin, three sisters and one brother, and no widow, father, or mother, or descendants. The action is prosecuted for the benefit of the sisters and brother, as provided by section 1902 of the Code of Civil Procedure, for the pecuniary loss alleged to have been sustained by them through the death of their brother.

The answer interposed by the defendant denies negligence, and as a further defense sets forth the provisions of chapter 816 of the Laws of 1913, as re-enacted by chapter 41 of the Laws of 1914, and amended by chapter 316 of the Laws of 1914, commonly known as the Workmen's Compensation Law. It alleges that the intestate, at the time of receiving the injuries resulting in his death, was engaged in work within and under the provisions of the Workmen's Compensation Law, and that by the terms of said act the defendant, upon securing the payment of the compensation therein provided, thereby became and was relieved of all liability for personal injuries or death sustained by its employés, and particularly for any liability because of the death of plaintiff's intestate, Michael Shanahan.

To this portion of the defendant's answer the plaintiff demurs on the ground that it is insufficient in law on the face thereof to constitute a valid and legal defense. The question raised by the demurrer is whether, in view of the provisions of the Workmen's Compensation Law, the plaintiff can maintain this action. The act in question provides as follows:

"Sec. 16. *Death Benefits.*—If the injury causes death, the compensation shall be known as a 'death benefit,' and shall be payable in the amount and to or for the benefit of the persons following:

"1. Reasonable funeral expenses, not exceeding one hundred dollars."

The act then proceeds to specify the persons to whom the benefit shall be paid, to wit, to a surviving wife or dependent husband, and

to surviving children, grandchildren, parents, and grandparents, according to the circumstances of the particular case. The statute makes no provision for the payment of any benefit whatever to surviving brothers and sisters, but does declare, in section 11 of the act, that *"the liability prescribed * * * shall be exclusive,"* except where the employer fails to secure compensation to his employés in the manner prescribed by the act.

It is contended therefore by the defendant that, having complied with the requirements of the act, no liability exists to the plaintiff in this action. On the other hand, the plaintiff insists that, inasmuch as the Compensation Law fails to provide any benefit for brothers and sisters, it should not be construed to take away a right of action for their benefit, and if it does undertake to exclude them from any right of action for their brother's death to that extent the act is unconstitutional and void.

At common law there exists no cause of action for the negligent causing of the death of a person. Such a right of action, however, was created by chapter 450 of the Laws of 1847. By chapter 256 of the Laws of 1849, the amount recoverable was limited to $5,000. By chapter 78 of the Laws of 1870, a provision was added that in such an action interest should be added to the verdict from the time of death. Such was the condition of the law when the Constitution of 1895 was adopted. By that Constitution (section 18, art. 1) it was declared that ·

"The right of action now existing to recover damages for injuries resulting in death shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation."

What was before a mere statutory right thus became a constitutional right. The statutory right, as it existed at the time of the adoption of the clause of the Constitution quoted, provided for a right of action for the benefit of brothers and sisters in certain contingencies; for the statute then in force provided the amount recovered in the name of the personal representative should—

"be for the exclusive benefit of the husband or widow and next of kin * * * in the proportion now provided by law in relation to the distribution of personal property of persons dying intestate." Chapter 78, Laws of 1870.

This statutory rule of distribution of the proceeds of a recovery in death cases remained practically unchanged until 1911, when section 1903 of the Code of Civil Procedure was amended, modifying the method of distribution by providing that:

"In case the decedent shall have left him surviving a wife, or a husband, but no children, the damages recovered shall be for the sole benefit of such wife or husband." Chapter 122, Laws of 1911.

So that, in such an event, brothers and sisters, by the amendment quoted, although next of kin, are prevented from sharing in the distribution; the entire amount in such case going to the wife or husband.

The statute law in reference to the right of recovery for death, and the mode of distribution of the recovery, remained practically unchanged from that time until, in 1913, section 19 was added to article 1 of

the Constitution by further amendment. This section provides as fol-
lows:

"Nothing contained in this Constitution shall be construed to limit the power
of the Legislature to enact laws for the protection of the lives, health, or safety
of employés; or for the payment, either by employers, or by employers and
employés or otherwise, either directly or through a state or other system of
insurance or otherwise, of compensation for injuries to employés or from death
of employés resulting from such injuries without regard to fault as a cause
thereof, except where the injury is occasioned by the willful intention of the
injured employé to bring about the injury or death of himself or of another, or
where the injury results solely from the intoxication of the injured employé
while on duty; or for the adjustment, determination and settlement, with or
without trial by jury, of issues which may arise under such legislation; *or to
provide that the right of such compensation, and the remedy therefor shall
be exclusive of all other rights and remedies for injuries to employés or for
death resulting from such injuries;* or to provide that the amount of such
compensation for death shall not exceed a fixed or determinable sum: Provid-
ed that all moneys paid by an employer to his employés or their legal repre-
sentatives, by reason of the enactment of any of the laws herein authorized,
shall be held to be a proper charge in the cost of operating the business of
the employer."

In pursuance of the power and authority thus conferred, the Legis-
lature passed the Workmen's Compensation Law above referred to.
Sections 10 and 11 of this act provide as follows:

"Sec. 10. Every employer subject to the provisions of this chapter shall pay
or provide as required by this chapter compensation according to the schedules
of this article for the disability or death of his employé resulting from an ac-
cidental personal injury sustained by the employé arising out of and in the
course of his employment, without regard to fault as a cause of such injury."

"Sec. 11. The liability prescribed by the last preceding section shall be
exclusive, except that if an employer fail to secure the payment of compensa-
tion for his injured employés and their dependents as provided in section 50
of this chapter, an injured employé, or his legal representative in case death
results from the injury, may, at his option, elect to claim compensation under
this chapter, or to maintain an action in the courts for damages on account of
such injury."

This act makes no provision for any death benefit to brothers or
sisters in the event the deceased died leaving no husband or wife, de-
scendants, parents, or grandparents; and the defendant contends that
in the absence of such a provision, and in view of the fact that the act
declares that "the liability prescribed by the last preceding section shall
be exclusive" (section 11), the plaintiff cannot recover in this action.
On the other hand, the plaintiff contends that, if the Compensation Law
is to be deemed in terms exclusive of any and all other remedies than
such as are given for the parties named in the schedules, it under-
takes to illegally deprive the plaintiff of a constitutional right.

A sister or brother may be wholly dependent on deceased for sup-
port, and suffer serious pecuniary loss by his death, and yet the Com-
pensation Law would leave his sisters and brothers without remedy
if the defendant's contention is to prevail.

Where such is the effect of the statute, when death comes to an
employé leaving only brothers and sisters him surviving, and the em-
ployer is relieved from liability to contribute to any one whatever, in
such a case can it be fairly said it does not violate section 18 of the
Constitution declaring:

"The right of action now existing to recover damages for injuries resulting in death shall never be abrogated."

If it can be done, then the Legislature could go a step further, and by amendment to section 1903 of the Code of Civil Procedure provide that the recovery in death cases should go to a wife and husband alone, to the exclusion of all other persons. It seems to the court that such an amendment would be violative of the letter and purpose of section 18 of the Constitution, unless section 19, which follows, authorizes such an exclusion in a general compensation scheme. Section 19 of the Constitution gives to the Legislature power to provide, by a Workmen's Compensation Law, that:

"The right of such compensation and the remedy therefor shall be exclusive of all other rights and remedies for injuries to employés or for death resulting from such injuries."

Does this clause mean anything more than that where the Legislature, by such a law, provides for compensation to those named in the act, such compensation and remedy shall be exclusive as to them, and as to them alone? It would seem that section 19 of the Constitution is capable of such a construction, and should be given it, where it becomes necessary to do so in order to preserve substantial rights theretofore existing in favor of next of kin. This we understand to be the purpose and mandate of section 18 of the Constitution, which is to be read and construed in connection with section 19, authorizing the passage of a Workmen's Compensation Law. At least, the purpose and intent to cut off and foreclose any such right to participate should clearly appear before a clause, either in the Constitution or in a statute, should be given such a construction. .

When we come to the consideration of the law itself, we find that the statute reads:

"Sec. 10. Every employer subject to the provisions of this chapter shall pay or provide as required by this chapter compensation according to the schedules of this article for the disability or death of his employé resulting from an accidental personal injury sustained by the employé arising out of and in the course of his employment, without regard to fault as a cause of such injury."

"Sec. 11. The liability prescribed by the last preceding section shall be exclusive, except that if the employer fail to secure the payment of compensation for his injured employés and their dependents as provided in section 50 of this chapter, an injured employé, or his legal representative in case death results from the injury, may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury."

The compensation mentioned in these sections is the compensation secured and to be paid to the individuals specified in the schedules of the act, and when in section 11 the act declares, "The liability prescribed by the last preceding section shall be exclusive," was it intended to deny to others all rights of action, or simply to declare that the amounts required to be paid, and the method by which payment is secured, shall be the exclusive liability and remedy those specified shall possess? While the question is not free from doubt, we are inclined to the latter view of the case. In this we are sustained, partially, at

least, by the very recent decision of the Appellate Division of the First Department in Shinnick v. Clover Farms Co., 169 App. Div. 236, 154 N. Y. Supp. 423.

In that case, the plaintiff's ear was partially bitten off by a vicious horse. He sued his employer, alleging a common-law liability on the ground of negligence. The defendant demurred, relying, on the provisions of the Workmen's Compensation Law as a bar to the action. The schedule of injuries in that act for which compensation is to be made by the employer did not specify or include any compensation for injury to the ear. The court, however, held that in such a case the common-law right of action still remained, notwithstanding the language of the statute saying the liability created by the statute should be exclusive.

We are of the opinion, therefore, for the reasons stated, the demurrer should be sustained. So ordered, with costs of the demurrer to the plaintiff.