(172 App. Div. 221)

## SHANAHAN v. MONARCH ENGINEERING CO.

(Supreme Court, Appellate Division, Fourth Department.    April 19, 1916.)

DEATH ⬤�longdash⟩9—ACTIONS—ABOLITION.

 Const. art. 1, § 18, declares that the right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount shall not be subject to statutory limitation.    Section 19, added in 1913, declares that nothing in the Constitution shall limit the power of the Legislature to enact laws for the protection of the lives, health, or safety of employés by providing for insurance and compensation for injuries and death, and that the Legislature may make the right to such compensation and the remedy therefor exclusive of all other rights and remedies for injuries or death of employés.    Code Civ. Proc. § 1902, which was in force at the time of the adoption of the Workmen's Compensation Law (Consol. Laws, c. 67), provides an action for wrongful death for the benefit of brothers and sisters.    The Compensation Act also provides for compensation to brothers and sisters for the death of a servant under special circumstances.    *Held* that, though such act declares that it shall be exclusive, it does not abrogate the right of action under the Code of Civil Procedure.

 [Ed. Note.—For other cases, see Death, Cent. Dig. § 11; Dec. Dig. ⬤�longdash⟩9.]

 De Angelis, J., dissenting.

Appeal from Special Term, Erie County.

Action by Margaret Shanahan, as administratrix of the estate of Michael Shanahan, deceased, against the Monarch Engineering Company.    From an order sustaining a demurrer to the second defense pleaded in the answer, and an interlocutory judgment thereon (92 Misc. Rep. 466, 156 N. Y. Supp. 143), defendant appeals.    Affirmed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Love & Keating, of Buffalo (George P. Keating, of Buffalo, of counsel), for appellant.

Hamilton Ward, of Buffalo (W. J. Wetherbee, of Buffalo, of counsel), for respondent.

KRUSE, P. J.    The question presented by the plaintiff's demurrer to the defendant's second separate answer is whether the Workmen's Compensation Law (Consol. Laws, c. 67; Laws of 1914, c. 41, as amended by Laws of 1914, c. 316) prevents a recovery for the pecuniary loss sustained by the surviving sisters and brother of the plaintiff's intestate, as is provided by section 1902 of the Code of Civil Procedure. The learned justice at Special Term held that it does not, and sustained the demurrer.    We have reached the same conclusion.

We are of the opinion that the right of action to recover damages for the death of a person, as it existed at the time of the adoption of section 18 of article 1 of the Constitution (which declared that such right should never be abrogated), is not affected by section 19 of that article, adopted November, 1913, amending the Constitution so as to permit the enactment of the Workmen's· Compensation Law, save as that law makes provision for compensation to a person who other-

⬤⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

wise would be entitled to a recovery in an action like this, and that the right of the sisters and brother in this case are not affected by the provision contained in section 11 of the Compensation Law, which makes the liability prescribed by section 10 of that act exclusive. I think it was not intended by the amendment to the Constitution, or by the Workmen's Compensation Law passed thereunder, to take away the right of action in death cases to recover damages, without providing a substitute therefor.

The intestate left him surviving no widow, no father or mother, and no descendants. His only next of kin surviving him are the sisters and brother named in the complaint, and it is their loss, resulting from the death of their brother, occasioned through the fault of the defendant, his employer, for which the action is brought. While provision is made by the Workmen's Compensation Law for compensation under certain contingencies to dependent brothers and sisters under the age of 18 years (section 16, subd. 4), it does not appear that the sisters and brother for whose benefit this action is brought are under that age. Indeed, it was conceded upon the argument that they were not. So that, unless this action may be maintained, no right to recover damages for the negligent killing of the intestate exists at all.

I think the right of the persons for whose benefit this action is brought is not affected by the Workmen's Compensation Law, but remains as though that act had not been passed. This view, I think, is in accord with the reasoning of Mr. Justice Scott in Shinnick v. Clover Farms Co., 169 App. Div. 236, 154 N. Y. Supp. 423, where the determination of the Appellate Term is unanimously affirmed.

The interlocutory judgment and order appealed from should be affirmed, with costs. All concur, except DE ANGELIS, J., who dissents.

---

(173 App. Div. 764)

### ARNOLD v. NEW YORK, W. & B. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 2, 1916.)

1. ADVERSE POSSESSION ⬳27—WHAT CONSTITUTES—EVIDENCE.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 121, 122, 652, 664, 684; Dec. Dig. ⬳27.]

2. ADVERSE POSSESSION ⬳19—WHAT CONSTITUTES—BOUNDARY FENCES.

Exterior boundary fences around a parcel of land will not alone establish adverse possession of interior strips.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 99–105; Dec. Dig. ⬳19.]

3. ADVERSE POSSESSION ⬳21—WHAT CONSTITUTES—FARMING LAND.

Under Code Civ. Proc. § 372, declaring that, for the purpose of constituting adverse possession, land is deemed to have been possessed

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes