JERRY BARONE, an Infant, by FRANK BARONE, His Guardian ad Litem, Respondent, v. BRAMBACH PIANO COMPANY, a Domestic Corporation, Organized and Existing under the Laws of the State of New York, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1917.)

Workmen's Compensation Law, §§ 11, 50 — action for personal injuries — evidence — negligence — statutes.

Under section 11 of the Workmen's Compensation Law the remedy therein afforded to an employee against his employer for personal injuries received in the course of his employment is exclusive, and in an action by an employee who, while at work in a cellar in defendant's factory, was bitten by a dog kept there by the engineer for a year or more, presumably with the permission of the defendant, the burden is on plaintiff to show that the statute did not apply by reason of defendant's failure to secure the payment of compensation as required by the statute; and where no proof is offered to sustain the allegation of the complaint of such failure on the part of defendant a judgment in plaintiff's favor will be reversed and a new trial ordered, as the language of section 50 of said statute, which is mandatory on every employer in this respect, gives rise to the presumption that the defendant had complied with such duty.

The plaintiff was engaged in the performance of the duties of his employment at the time he was injured, and the presence of the dog with defendant's implied knowledge and consent was one of the physical conditions of the plant under which defendant required plaintiff to perform his duties.

Appellate Term, First Department, December, 1917. [Vol. 101.

APPEAL by defendant from a judgment of the Munici-pal Court of the city of New York, borough of Man-hattan, ninth district, in favor of plaintiff, after a trial by a judge and a jury.

Bertrand L. Pettigrew (J. C. Miller, Jr., of coun-sel), for appellant.

E. S. Garnett, for respondent.

BIJUR, J. Plaintiff, an employee of defendant engaged in the manufacture of pianos, was injured by the bite of a dog under the following circumstances:

He had been directed by his superior to carry some materials into a cellar of the factory. The engineer stationed in the cellar had kept a dog there for a year or more. It must be presumed from the lapse of time that the dog remained there with the permission of the defendant.

Appellant urges that plaintiff cannot maintain this action because his remedy under the Workmen's Com-pensation Law is exclusive. Plaintiff had alleged in the complaint that defendant had failed to " secure the payment of compensation to plaintiff for said injuries," but he offered no proof in support of this allegation. Defendant contends that in view of the provisions of the law (§ 11) that the remedy therein afforded shall be exclusive the burden was upon plaintiff to prove that the law did not apply by reason of defendant's failure to " secure the payment of com-pensation " as therein required. I think that the lan-guage of the statute (§ 50), which is mandatory upon every employer in this respect, gives rise to the pre-sumption that the defendant has complied with this duty placed upon him, and that the burden is upon the plaintiff to establish the fact which prevents the appli-cation of the law to himself. This very point is

impliedly held in *Shinnick* v. *Clover Farms Co.,* 169 App. Div. 236, 237, and although it has been intimated in *Connors* v. *Semet-Solvay Co.,* 94 Misc. Rep. 405–410, that the *Shinnick* case has been in substance overruled by *Matter of Jensen* v. *Southern Pac. Co.,* 215 N. Y. 514, the suggestion does not relate to the point now under consideration. I think, therefore, that the judgment must be reversed.

Plaintiff also urges that the law does not apply because the injury complained of was not sustained by the employee " arising out of and in the course of his employment," as provided by section 10. This subject has been discussed in an elaborate opinion of Mr. Justice Lyon in *Matter of Moore* v. *Lehigh Valley R. R. Co.,* 169 App. Div. 177. See, also, *Matter of Rheinwald* v. *Builders' Brick & Supply Co.,* 168 App. Div. 425. The instant case, however, seems to me to be much simpler of solution. There is no doubt that the plaintiff was engaged in performing the duties of his employment at the time he was bitten. The presence of the dog with defendant's implied knowledge and consent was one of the physical conditions of the plant under which the defendant required the plaintiff to perform his duties. The mere fact that the direct cause of the injury was animate rather than inanimate does not alter the result; nor in this view can I see any force in the suggestion that the dog was not especially kept as a watchdog or for some similar purpose (though I think the proof showed that it was so employed). The right of the plaintiff to a recovery does not, on any theory of which I am made aware, depend upon the comparative usefulness to the employer's business of the immediate cause of the injury.

PHILBIN and ORDWAY, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.