### SHINNICK v. CLOVER FARMS CO.   (No. 7603.)

(Supreme Court, Appellate Division, First Department.   July 9, 1915.)

1. ANIMALS ☞74—PERSONAL INJURIES BY VICIOUS ANIMALS—LIABILITY.
    An action for damages resulting from an injury by a vicious animal is not based upon negligence.
    [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 257–273; Dec. Dig. ☞74.]

2. MASTER AND SERVANT ☞87½, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION ACT—OPERATION AND EFFECT.
    Workmen's Compensation Act (Laws 1914, c. 41) § 10, provides that every employer subject thereto shall provide compensation according to

the schedules thereof for the disability or death of an employé from a personal injury sustained in his employment without regard to his fault. Section 11 provides that such liability shall be exclusive, except that, if an employer fail to secure the payment of such compensation as provided therein, the injured employé may maintain an action for damages. Section 15 contains a schedule of compensation for permanent and temporary total disability and for permanent partial disability resulting from various injuries therein specified, and provides for "other cases in this class of disability," but contains no provision for compensation for an injury to or loss of a part of an ear. *Held*, that the right to recover for an injury not covered by the schedules of such act remains as before the act was passed.

3. MASTER AND SERVANT ⬅️250¾, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION ACT—OPERATION AND EFFECT.

The act does not cover an injury to an employé, whose ear was bitten by a horse, requiring the amputation of a part thereof, and the employé may sue for damages, as such an injury is not covered by the provision for "other cases in this class of disability"; it having no tendency to impair the efficiency of the injured person in his occupation, especially as the right to recover for such an injury does not depend upon the injured person's employment by the owner of the horse.

Appeal from Appellate Term, First Department.

Action by Thomas Shinnick against the Clover Farms Company. From a determination of the Appellate Term (90 Misc. Rep. 1, 152 N. Y. Supp. 649), affirming an order of the City Court overruling a demurrer to the complaint, defendant appeals. Affirmed.

See, also, 153 N. Y. Supp. 1144.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Edward E. Reardon, of New York City, for appellant.
Otto A. Glasberg, of New York City, for respondent.

SCOTT, J. The action is brought under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200-204), and the complaint alleges that plaintiff was in defendant's employ as a driver, engaged in driving a three-horse vehicle; that one of the horses was vicious and accustomed to attack and bite mankind, and known by defendant to do so; that on November 14, 1914, the horse attacked and bit plaintiff in the left ear, as a consequence of which the plaintiff has suffered permanent injuries, a part of his left ear having been amputated. The demurrer is for general insufficiency.

[1] It is conceded that the complaint would be proof against demurrer, except for the provisions of the Workmen's Compensation Act (chapter 41, Laws 1914), which, as defendant contends, affords the only remedy to which plaintiff may resort. As pointed out in the dissenting opinion of Mr. Justice Ingraham in Gropp v. Great Atlantic & Pacific Tea Company, 141 App. Div. 372–377, 126 N. Y. Supp. 211 (judgment reversed on said dissenting opinion 205 N. Y. 617, 98 N. E. 1103), an action for damages resulting from an injury by a vicious animal is not based upon negligence; but that is not important in this case, because the compensation provided for in the Workmen's Compensation Act is not dependent upon the negligence of the employer.

[2, 3] Section 10 of the act provides that:

"Every employer subject to the provisions of this chapter shall pay or provide as required by this chapter compensation *according to the schedules* of this article for the disability or death of his employé resulting from an accidental personal injury sustained by the employé arising out of and in the course of his employment, without regard to fault as a cause of such injury."

The ensuing exceptions are not material to this discussion. Section 11 provides that:

"The liability prescribed by the last preceding section shall be exclusive, except that if an employer fail to secure the payment of conpensation for his injured employés and their dependents as provided in section fifty of this chapter, an injured employé, or his legal representative in case death results from the injury, may at his option elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury."

There is no allegation that defendant has failed to secure the payment of compensation for his injured employés or their dependents, as provided in section 50 of the act, or that plaintiff has, for that reason, elected to sue in the courts. The question we have to consider, therefore, is whether the Workmen's Compensation Act provides compensation for such an injury as that which plaintiff has suffered.

As already said, under section 10 of the act the liability to which an employer is subjected by the act is to "pay or provide compensation according to the schedules" contained in the act. If the schedules do not cover the injury suffered by an employé, he does not fall within the purview of the act and cannot claim compensation under it, for the act provides no scale or gauge by which to determine what compensation should be provided. As to such an injury, therefore, the right to recover remains as it was before the act was passed. The schedules referred to in section 10 are to be found in section 15, and include, with considerable detail, a great number of injuries such as frequently result from accidents in industrial pursuits, and such as tend to impair, temporarily or permanently, wholly or partially, the ability of the injured employé to pursue his avocation. There is no mention in the schedules of an injury to or the loss of a part of an ear. It is true that it is provided generally, after the specific enumeration of the injuries covered by the act, that:

"In all other cases in this class of disability" the compensation shall be a percentage of the average weekly wages or wage-earning capacity "payable during the continuance of such partial disability."

We do not consider that such an injury to the ear as the plaintiff complains of is of the same class of disability as those specified in the schedules. The latter are all disabilities tending to impair the efficiency of the injured person in the occupation in which he was engaged, such as the loss of a hand or a finger, a foot or a toe. A bitten or even a partially amputated ear would not have such a tendency. Furthermore, the plaintiff's right to recover upon the facts stated in his complaint will not depend upon his employment by defendant, for any one not so employed, if injured by a vicious animal, known to its owner to be vicious, would have an action for damages. Our conclusion,

therefore, is that the injury for which plaintiff seeks to recover is not covered by the Workmen's Compensation Act, and that the complaint states a good cause of action.

The determination of the Appellate Term is therefore affirmed, with $10 costs and disbursements, with leave to defendant to withdraw demurrer and to answer, on payment of costs in this court and in the courts below. All concur.