(94 Misc. Rep. 405)

### CONNORS v. SEMET–SOLVAY CO.

(Supreme Court, Special Term, Onondaga County.　March 22, 1916.)

MASTER AND SERVANT ☞419—WORKMEN'S COMPENSATION—EXCLUSIVENESS OF REMEDY.

Const. art. 1, § 18, provides that nothing in the Constitution shall limit the power of the Legislature to provide that the right to compensation to employés for injuries shall be exclusive of all other rights and remedies for injuries or death. Workmen's Compensation Law (Consol. Laws, c. 67) § 2, provides that compensation shall be payable for injuries or death in certain hazardous employments. Section 10 requires compensation regardless of fault unless the injury is willfully inflicted by the employé. Section 11 authorizes employés at their option to sue for injuries if the master fails to secure compensation or to claim compensation under the act. Sections 13, 14, and 15 provide details of compensation and schedule thereof, and that it shall be in lieu of all other compensation. Section 29 provides for subrogation of the compensator to the rights of the employé injured by acts of another not in the same employ. Section 52 provides that the employer's failure to secure compensation shall enable the employé to maintain action for damages in the courts. Section 53 provides for release of employers from liability on securing compensation through the state fund. *Held*, that an employé, after receiving compensation from the employer under the act, cannot sue for further compensation for pain and suffering or disfigurement; the purpose of the act being only to secure compensation for all injuries, and the only permissible action being where the employer fails to secure compensation.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☞419.]

Action by Michael Connors against the Semet-Solvay Company. Heard on demurrer to the complaint. Demurrer sustained.

Olmsted, Van Bergen & Searl, of Syracuse, for plaintiff.
H. Duane Bruce, of Syracuse, for defendant.

ANDREWS, J.　The demurrer to the complaint must be sustained, with costs.

The question clearly raised in this case is whether, notwithstanding the Workmen's Compensation Law and the compliance with all the

provisions therein contained on the part of the employer, the employé engaged in one of the hazardous employments specified, claiming to be injured by his employer's negligence, may recover by action compensation for personal disfigurement and for pain and suffering.

After the decision in Ives v. South Buffalo R. Co., 201 N. Y. 271, 94 N. E. 431, 34 L. R. A. (N. S.) 162, Ann. Cas. 1912B, 156, the Constitution was amended by the insertion therein of a provision which stated, among other things, that nothing contained in the Constitution should limit the power of the Legislature to provide that the right of compensation to employés for accidental injuries and the remedy therefor "shall be exclusive of all other rights and remedies for injuries to employés or for death resulting from such injuries." The power to enact such a law is here expressly conferred.

Thereupon chapter 41 of the Laws of 1914 was adopted. It begins:

"Compensation provided for in this chapter shall be payable for injuries sustained or death incurred by employés engaged in the following hazardous employments." Section 2.

Not certain injuries. The intention is to provide, as the Constitution permits, for all the injuries suffered because of an accident.

"Every employer subject to the provisions of this chapter," that is, every employer engaged in a hazardous occupation, "shall pay or provide as required by this. chapter compensation according to the schedules of this article for the disability or death of his employé resulting from an accidental personal injury sustained by the employé arising out of and in the course of his employment, without regard to fault as a cause of such injury." Section 10.

The schedules referred to cover all cases of disability—total permanent disability, temporary total disability, permanent partial disability, temporary partial disability.

"The liability prescribed by the last preceding section shall be exclusive, except that if an employer fail to secure the payment of compensation for his injured employés and their dependents as provided in section 50 of this chapter, an injured employé * * * may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury." Section 11.

An "exclusive liability" hardly needs definition. If, however, the master fails to secure compensation, an option is offered to the servant. He may claim compensation under the act—such compensation as the act offers. Or he may sue for damages—including damages for pain and suffering. He cannot do both.

"The employer shall promptly provide for an injured employé such medical, surgical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus as may be required or be requested by the employé, during sixty days after the injury." Section 13.

"Except as otherwise provided in this chapter, the average weekly wages of the injured employé at the time of the injury shall be taken as the basis upon which to compute compensation." Section 14.

Compensation—not partial compensation—for the injury.

Section 15 establishes the schedule of compensation. Where there is permanent partial disability, certain specific injuries are enumerated and compensation provided therefor "in lieu of all other compensation"; and then compensation is fixed generally for "other cases in

this class of disability," or, as I interpret it, other cases of permanent partial disability.

It is true the words "in lieu of all other compensation" seem unnecessary if the interpretation given by me to the statute is correct, but it is not inconsistent therewith.

If a workman entitled to compensation under this chapter is injured by the negligence of another not in the same employ, the workman shall elect whether to take compensation under this chapter or to pursue his remedies against the other. If he elect to take compensation under this chapter, his cause of action against the other shall be assigned to the state for the benefit of the state insurance fund or to the insurance carrier. Section 29. Under such circumstances, the servant clearly could not recover of his master for pain and suffering. What he recovers is compensation under the act. Nor could he recover for such injuries against the third party. His whole cause of action against the latter is assigned to the insurance carrier.

An employer shall secure compensation to his employé either by insuring in the state fund or in an insurance corporation, or by furnishing satisfactory proof of his financial ability to pay compensation himself.

The failure to secure payment of compensation shall have the effect of enabling the injured employé to maintain an action for damages in the courts. Section 52.

"An employer securing the payment of compensation by contributing premiums to the state fund shall thereby become relieved from all liability for personal injuries or death sustained by his employés, and the persons entitled to compensation under this chapter shall have recourse therefor only to the state fund and not to the employer. An employer shall not otherwise be relieved from the liability for compensation prescribed by this chapter except by the payment thereof by himself or his insurance carrier." Section 53.

It is not possible that a distinction, without reason, is here sought to be made between one who insures in the state fund and others who insure as the statute equally permits. The purpose of insurance is to secure a fund which will protect the servant. In either case this is equally accomplished. There is no purpose to be served in holding the servant may not recover for pain and suffering, if the state is the insurer, yet may do so if a corporation is the one liable. In fact, the Court of Appeals seems to have passed upon this question:

"An employer securing payment of compensation by contributing premiums to the said fund is thereby relieved from all liability for personal injuries or death sustained by his employés, and a similar relief from liability is obtained by the employer by payment of the compensation by himself or an insurance carrier." Post v. Burger & Gohlke, 111 N. E. 351.

In view of these sections of the statute, it seems to me that the Legislature plainly intended to take advantage of the amendment to the Constitution and to provide a remedy for the benefit of injured employés exclusive of all other rights and remedies. The wrong which it sought to obviate was the constant litigation between master and servant with the uncertainty of its results. The act was designed to allay class feeling, to protect the master against annoyance and unjust verdicts, to see that the employé injured by the hazards of the business,

and those dependent upon him, should not, as so often happened, bear the whole loss. Both gave up something. The master was no longer free if the servant failed to prove that the accident happened because of his negligence or negligence attributable to him. The right of the servant, on the other hand, to recover, was limited and defined.

The whole object and purpose of the Legislature would be overthrown if the servant might, after obtaining compensation from his master as provided by the statute, then sue in the courts for further compensation because of disfigurement or pain and suffering.

My attention has been called to Shinnick v. Clover Farms Co., 169 App. Div. 236, 154 N. Y. Supp. 423. I agree with the plaintiff that that case sustains his views. It is true that towards the end of the opinion the court states another reason for reaching the conclusion which it did. But clearly the Appellate Division of the First Department unanimously held that the plaintiff's contention is correct. That decision, however, was made on July 9, 1915.

On July 13, 1915, the Court of Appeals handed down an opinion in the matter of Jensen v. Southern Pacific Co., 215 N. Y. 514, 109 N. E. 600, L. R. A. 1916A, 403. The case in the Court of Appeals was not and could not have been referred to by the Appellate Division. It seems to me that the decision of the Court of Appeals is made upon the theory that the compensation law provides a remedy for the employé engaged in the employments enumerated therein which is exclusive and in full substitution for any action for damages. I think therefore that it overrules the case of Shinnick v. Clover Farms Co. and should be followed by this court.