EDWARD MORRIS, Respondent, *v.* EDWARD H. MULDOON, Appellant.

First Department, February 6, 1920.

Workmen's Compensation Law — common-law action for injuries — complaint must negative fact that defendant has complied with statute — injury to employee of mason and builder arising out of and in course of employment — injuries within purview of section 15.

The complaint in a case which would come within the provisions of the Workmen's Compensation Law seeking to recover at common law for personal injuries must negative the fact that the defendant has complied with said statute.

An injury to an employee of a mason and builder while digging out a space about four feet square and ten feet deep preparatory to the erection of a concrete pillar for the support of a building arose out of and in the course of his employment as a mason, within the meaning of the Workmen's Compensation Law.

Wherever an injury results in disability, total or partial, it comes within the purview of the statute even though there be associated injuries resulting from the accident which are not specifically mentioned. The schedule of section 15 of the Workmen's Compensation Law is not intended to include all the injuries which may result in permanent partial impairment of the earning capacity to which the statute should apply.

Hence, the employee injured as aforesaid, not having alleged any special fact authorizing a common-law action, is remitted to the exclusive remedy provided by the Workmen's Compensation Law, even though his injuries include permanent injury to the coccyx bone of the spine, and a hernia, which are not mentioned in the schedule of injuries under section 15 of the statute.

APPEAL by the defendant, Edward H. Muldoon, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of July, 1919, denying defendant's motion for judgment on the pleadings, consisting of a complaint, answer and reply.

The opinion of Special Term is reported in *Morris* v. *Muldoon* (108 Misc. Rep. 143).

*Edwin A. Jones* of counsel [*Alfred L. Pitts* with him on the brief; *Nadal, Jones & Mowton*, attorneys], for the appellant.

*John L. Class* of counsel [*George B. Class*, attorney], for the respondent.

SMITH, J.:

The action is brought by an employee against an employer, to recover damages for an injury sustained on June 21, 1915, while he was digging down at the corner of a building for the purpose of getting space to insert a cement pillar or post to more strongly support the building. The defendant is a mason and builder and was at the time of the accident in question. This building had been insecure by reason of weak foundations. It was shored up, and the plaintiff was set to work digging out a space about four feet square and ten feet deep, so that after digging the same a concrete pillar might be placed in the said trench, which pillar would partly be under the corner of the building and furnish support therefor. It was the intention to furnish other supports to the building.

The complaint alleged that, "in the course of plaintiff's employment, as aforesaid, he was directed * * * to dig "

this ditch, and it further alleges that the injuries received " have permanently impaired the health of the plaintiff so that he will never again regain normal health or be able to work as before the accident."

In a case which would come within the provisions of the Workmen's Compensation Law, the authorities require the plaintiff seeking to recover for his injuries in an action to negative the fact that the defendant has complied with the Workmen's Compensation Law. (*Nulle* v. *Hardman, Peck & Co.*, 185 App. Div. 351; *Basso* v. *Clark & Son, Inc.*, 108 Misc. Rep. 78.) No such allegation is found in this complaint.

The main argument of the plaintiff, however, is that upon the assumption that the defendant has conformed to all the conditions prescribed in the Workmen's Compensation Law, nevertheless, the act does not apply to the case at bar, and, therefore, the defendant has not relieved himself from liability; and this, as I take it, is the principal issue in the case.

In the first place, the fact is challenged that the injury received " arose out of and in the course of the plaintiff's employment." Among the hazardous occupations specified in the act under group 42 of section 2 are " Brick-laying, tile-laying, mason work, stone-setting, concrete work, plastering; and manufacture of concrete blocks; construction, repair and demolition of buildings and bridges." Placing these concrete piers under this building was clearly the work of a mason or one engaged in concrete work, and as that was defendant's business, a common laborer employed by him might well be sent, first, to dig out the place where the concrete pillar was to stand. It is not reasonable to suppose that the insertion in group 13 of section 2 of the word " excavation " among the hazardous occupations meant every minor excavation which was incidental to other work. It should fairly be construed to mean excavation which was a substantial part of the work contracted for, and where such an excavation only four feet square and ten feet deep was made for the purpose of holding a concrete pillar to strengthen an existing building, that excavation should fairly be deemed incidental to the placing of the concrete pillar and not as a job outside of and independent of such concrete work. (*Matter of Dose* v. *Moehle Lithographic Co.*, 221 N. Y. 401.) The injury of which the plaintiff complains, therefore,

arose out of and in the course of his employment. Moreover, the complaint so specifically alleges.

The further contention is made, because in this injury is included permanent injury to the coccyx bone of the spine, and hernia, which are not mentioned in the schedule of injuries under section 15 of the act, that at least for such injury a common-law action must lie. If, however, in every case where there could be found some injury not mentioned under the schedule of section 15 of the act, there is a separate right of action at common law for the damages sustained thereby, the Workmen's Compensation Law would become a farce and a recovery could be had under the Workmen's Compensation Law with the right of action still existing for the injuries not mentioned in the schedule. Moreover, this action is not brought simply to recover compensation for injuries not mentioned in the schedule of injuries under section 15 of the act, but the allegation of the complaint is that the injuries received have permanently impaired the health of the plaintiff so that he will never again regain normal health or be able to work as before the accident. It is not intended to include in the schedule named in the statute all the injuries which might result in permanent partial impairment of earning capacity to which the act should apply. As to the enumeration of specific disability, provision is made for other cases which should impair the wage-earning capacity of the party injured, and there is further specification which covers the case of total permanent disability, temporary total disability, permanent partial disability, and temporary partial disability. Wherever the injury results in disability, total or partial, the injury comes within the purview of the act, even though there be associated injuries resulting from the accident which are not specifically mentioned in the act.

It has been noted in the decisions that this act was to an extent a compromise between the employer and employee, whereby both have surrendered certain rights. In an action, a plaintiff may recover for pain and suffering, provided a cause of action be proven. Under the Workmen's Compensation Law, however, the right to recover for pain and suffering has been surrendered by the employee. (*Matter of Sweeting* v. *American Knife Co.*, 226 N. Y. 201.) The employer has assumed liability for all accidents, whether or not occasioned by his

own fault, and the statute made under authority of the constitutional amendment (Const. art. 1, § 19) has placed the right of recovery upon the extent of disability suffered by the employee from any accident happening out of and in the course of the employment. (See §§ 10, 3, subd. 7; *Matter of Daly* v. *Bates & Roberts*, 224 N. Y. 126, 127.) The case of *Shinnick* v. *Clover Farms Co.* (169 App. Div. 236) does not uphold the right to a common-law action in the case at bar. In that case there was no impairment of earning power, temporary or permanent, so that the case was held not to come within the provisions of the Workmen's Compensation Law. Inasmuch, therefore, as this plaintiff suffered wage-earning disability, both out of his employment and while in the course of his employment, and as the plaintiff has not alleged any special fact which would authorize the bringing of an action therefor, the plaintiff is remitted to the exclusive remedy provided by the act, and cannot maintain his action.

The order, therefore, should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, LAUGHLIN, MERRELL and PHILBIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.