## ERNEST M. HYETT v. THE NORTHWESTERN HOSPITAL FOR WOMEN AND CHILDREN.[1]

December 24, 1920.

No. 21,930.

**Workmen's Compensation Act excludes other remedies.**

1. The Workmen's Compensation Act of this state, insofar as it provides compensation to an employee accidentally or otherwise injured in the course of his employment, is exclusive of all other remedies.

**Compensation Act—action at law for injury not creating disability will not lie.**

2. Where a particular injury results in part in a temporary or permanent disability, and in part in the disfigurement of the person of the employee, or other injury not amounting to a disability, the employee is limited in his relief to that given by the act, and an action at law for the injury not amounting to a disability cannot be maintained.

**Same—other relief should come from amendment.**

3. If elements of damage of that character, always present in the law of negligence, are deemed proper to be included in the compensation proceedings, the change should come about by an amendment of the statute.

Action in the district court for Hennepin county to recover $50,000 for personal injuries received while in the employ of defendant. The facts are stated in the first paragraph of the opinion. Plaintiff demurred to the answer as stated at the end of the first paragraph of

[1]Reported in 180 N. W. 552.

the opinion. From an order, Steele, J., sustaining the demurrer, defendant appealed. Reversed.

*Briggs, Weyl & Briggs,* for appellant.

*Arthur O. Edwards,* for respondent.

BROWN, C. J.

Plaintiff was in the employ of defendant, a Minnesota corporation, in the capacity of fireman in charge of its heating plant. Both were within and subject to the Workmen's Compensation Act. Plaintiff was injured while engaged in his employment, by reason of which he was disabled for a brief period from the discharge of his duties, in adjustment of which there was paid to him the sum of $44. There were, as we understand the matter, no compensation proceedings, but that is not of special importance. At the time of the accident, resulting in the disability stated, plaintiff received an additional independent injury, but not amounting to a disability to perform his work, for which the compensation act makes no express or other provision for compensation. The additional injury was to his left pubic nerve, totally destroying the functions thereof, rendering him permanently impotent. Finding no remedy under the compensation act for the particular injury, plaintiff brought this action at law to recover therefor, alleging that it was caused by the negligence of defendant. Defendant interposed in defense, among other things, that the parties were within the compensation act, and that the remedy there provided is exclusive. Plaintiff demurred to that part of the answer and defendant appealed from an order sustaining the same.

The only question presented is whether an employee, within the compensation act, who suffers an injury in the course of his employment which results: (1) In a disability, temporary or permanent, for which compensation may be had under the act; and (2) an associate injury not amounting to a disability, either temporary or otherwise, and for which no compensation is provided, may maintain an action at law for the latter injury on the ground that it was occasioned by the negligence of the employer. We answer the question in the negative.

The question is of first impression in this state, though it has come

before the courts of other jurisdictions. It is important, for a decision thereof will determine whether our Workmen's Compensation Act, as heretofore generally understood, furnishes the exclusive relief of an injured employee, or whether in addition to the relief thus provided he may resort to a common law action for injuries not amounting to a disability. Every personal injury causes pain and suffering, measured in degree by the character of the injury; some result in the disfigurement of the person, the loss of a hand or other member of the body, an eye, scalds and burns upon the hands or face, all of which must be carried through life to the mental distress of the victim. And, in given cases like that at bar, an injury, accidental or otherwise, may impair and totally destroy some function of the human body, not of a character to incapacitate the employee from his usual employment, or affect his earning capacity, therefore not within the letter of the compensation act. Matters of that character are proper elements of damage in the negligence action, but our compensation act makes no provision for a consideration thereof in the award to an injured employee, even though they may constitute his major or principal grievance.

In some of the jurisdictions of this country and in England, situations of the kind are expressly covered by statute. Bradbury, Compensation Acts (3d ed.) 874. But not by the statute of this state. The whole scheme of our statute is one of reciprocal concessions by employer and employee, from which benefits and protection fall to each, which, without the law, neither could demand or recover; of benefit to the employee, for he is thereby given protection for injuries impairing his earning capacity, without regard to the culpability of the employer, when, without the statute, he would be remediless. In consideration of this insured compensation and protection by the acceptance of the act, he, by necessary implication, relinquishes his common law remedies, and thus places a limit on his rights to that measured and granted by the compensation act. Section 8204, G. S. 1913. In return for the required payment of compensation for the accidental injury, for which the common law furnishes the employee no relief, the employer is protected from the suit at law for the negligent injury. Thus we have the reciprocal yielding and giving up of rights existing at common law for

the new and enlarged rights and remedies given by the compensation act. That this comes about by force of compulsory legislation (section 8204) in no way alters the legal character of the relation of the parties. That the legislature was within its authority in so enacting, in the interests of the general welfare and in regulation of rights, duties and obligations between employer and employee as a class, has been affirmed by all the courts where compensation acts have been sustained. Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L.R.A. 1916D, 412; Jensen v. Southern Pac. Co. 215 N. Y. 514, 109 N. E. 600, L.R.A. 1916A, 403, Ann. Cas. 1916B, 276.

That the remedy so given and provided is exclusive of all others seems to be the prevailing opinion of the courts where the question has received attention. Shannahan v. Monarch Engineering Co. 219 N. Y. 469, 114 N. E. 795; Gregutis v. Waclark Wire Works, 86 N. J. Law, 610, 92 Atl. 354; Peet v. Mills, 76 Wash. 437, 136 Pac. 685, L.R.A. 1916A, 358, Ann. Cas. 1915D, 154; King v. Viscoloid Co. 219 Mass. 420, 106 N. E. 988, Ann. Cas. 1916D, 1170; Connors v. Semet-Solvay Co. 94 Misc. 405, 159 N. Y. Supp. 431, in which it was said that Shinnick v. Clover-Farms Co. 169 App. Div. 236, 154 N. Y. Supp. 423, holding to the contrary, had been overruled by Jensen v. Southern Pac. Co. supra. If the case was not in effect there overruled, it clearly was so disposed of by the later decision of the court of appeals in the Shannahan case above cited. The case of Boyer v. Crescent Paper Box Factory, Inc. 143 La. 368, 78 South. 596, takes the other view of the Louisiana compensation act, and supports plaintiff in the case at bar. But to follow that rule would, in a large measure, be destructive of the main purpose and scheme of the statute, and deprive the employer of a right expressly granted him in return for his concession of liability for the nonactionable injury. It would result also in opening wide the door to double litigation in a great majority of the compensation cases. With the opportunity presented, the discovery of negligence in some respect contributing to a particular injury, would not be difficult, and thus the employer exposed to a second suit in which recovery could be had for pain and suffering, disfigurement of person, in addition to a recovery of compensation for actual disability under the compensation act.

A personal injury, received at the hands of a wrongdoer, constitutes but one right of action. It cannot be divided into several parts to accord with the elements of damages recoverable therefor. It presents a single controversy to be settled in a single action. 2 Dunnell, Minn. Dig. § 5167. That is elementary, and it is manifest that there was no intention on the part of the legislature to change or abrogate it by the compensation act, and no such intention should be presumed by the court. On the other hand, it is clear that the intention of that body was to present to the employers and employees of the state a comprehensive act embracing their exclusive rights and remedies for accidental or other injuries suffered by the employee. Morris v. Muldoon, 190 App. Div. 689, 180 N. Y. Supp. 319. If the compensation so provided is deemed inadequate or that the act should be made to include all or any of the common law elements or ingredients of relief found in the negligence law, the change should come about by legislation and not by rule of court.

For the reasons stated the demurrer to the answer should have been overruled, and the order sustaining it is accordingly reversed.