## D. J. DONNELLY v. MINNEAPOLIS MANUFACTURING COMPANY.[1]

### December 12, 1924.

### No. 24,278.

**When employe under Compensation Act can sue employer for omission of statutory duty.**

So far as it covers rights and remedies in the field of industrial accident and occupational disease, the Workmen's Compensation Act is exclusive of all common law remedies. But inasmuch as it allows compensation only for the occupational diseases expressly enumerated, an employe who has become afflicted with a disabling ailment, not among those so enumerated, through negligence of the employer amounting to the omission of a statutory duty, has an action at law for damages.

Action in the district court for Hennepin county to recover $7,007.30. From an order, Salmon, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*P. W. Viesselman,* for appellant.

*K. A. Campbell* and *B. Burness,* for respondent.

STONE, J.

In this case, plaintiff, an employe of defendant, seeks to recover damages because, as he alleges, plaintiff contracted "an occupational disease," known as "chronic bronchitis with chemical poisoning" on account of the negligence of defendant. A general demurrer to the complaint was sustained and plaintiff appeals. Taking the

[1]Reported in 201 N. W. 305.

complaint at its face value, as we must for present purposes, plaintiff has become afflicted with the disease in question because defendant, a manufacturer among other things of flax straw products, violated the duty imposed upon it by section 4, chapter 491, p. 645, L. 1919, so to equip the factory or work room wherein plaintiff was employed, with "proper and sufficient means of ventilation" and so to "maintain proper and sufficient ventilation" as to prevent the unhealthful accumulation of dust to an extent "injurious to the health or safety" of employes. It is by reason of defendant's neglect of that duty, the complaint charges, that plaintiff is now a sufferer from bronchitis and chemical poisoning. Notwithstanding the insistence of counsel on both sides upon presenting the fact that plaintiff has made an unsuccessful effort to procure an award of compensation from the Industrial Commission, we decline to consider it, for the complaint is silent concerning it. For the reasons hereinafter stated, the Industrial Commission has no jurisdiction, and therefore its refusal of an award is immaterial. We must indulge, however, the presumption created by section 11, p. 93, chapter 82, L. 1921 (the Minnesota Workmen's Compensation Act), that both plaintiff and defendant, during the former's employment, were subject to part 2 of the compensation law.

Plaintiff has no claim for accidental injury, even though he may have suffered his supposed disabling detriment by reason of and in the course of his employment, for it is not the result of accident as defined in section 66. "Accident" is there defined as "an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body." Plaintiff does not claim to have been a victim of a mischance of that kind.

Likewise, plaintiff is excluded from all advantage of the provisions of the compensation law furnishing relief on account of occupational disease, for it is provided in subdivision 9 of section 67, that "for the purpose of this act *only* the diseases enumerated * * * shall be deemed to be occupational diseases." Neither "chemical poisoning" nor "chronic bronchitis" is included in the enumeration. Therefore they are excluded, and plaintiff is wholly

without remedy, under the compensation law, although for present purposes it must be assumed that he has been grievously injured in the course and by reason of his occupation, and through a fault of the employer amounting to a violation of statutory duty.

Defendant contends, and upon this theory the complaint was held bad, that although in a given case an employe may have contracted a noncompensable disease through the negligence of his employer, it is a wrong without a remedy, the purpose and effect of the compensation law being to take away from employes subject thereto all remedy except where they suffer accidental injury, or become afflicted with one of the occupational diseases for which compensation is allowed.

The argument is predicated upon Mathison v. M. St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412; Hyett v. Northwestern Hospital, 147 Minn. 413, 180 N. W. 552, and Novack v. Montgomery-Ward Co. 158 Minn. 505, 198 N. W. 294. But in none of these cases was the question involved or decided. In the Mathison case, a plaintiff injured by accident while in the employ of the defendant, disregarding the statute, attempted to recover for damages as for negligence. The effort failed because the situation was covered expressly by the statute, and the parties were limited to the rights and remedies thereby provided. The main question involved in the case was the constitutionality of the law. There is certainly nothing in the opinion warranting the argument now attempted, that it was the intention of the statute to take away from an employe, damaged by his employer's omission of a satutory duty, all right of action, the compensation law substituting nothing in its place. The last comment applies equally to the Hyett case wherein the holding was that the remedy of the compensation law "is exclusive of all other." Of course it is exclusive so far as it covers the field of industrial accident and occupational disease, but no farther. To the extent that the field is not touched by the statute, it must be considered that the legislature intentionally permitted it to remain under the common law so that either party, employer or employe, can resort to such action as it furnishes for the protection of a common law right. The first paragraph of the

syllabus of the decision in .the Hyett case is significant, for it so clearly indicates the intention to hold the compensation act exclusive of all other remedies *"in so far as it provides compensation"* to an employe accidentally or otherwise injured by the wrongful act of the employer in the course of his employment. It is a necessary corollary of that proposition, it would seem, that if the employe is injured by the wrongful act of the employer, in the course of his employment, in a manner not covered by the compensation act, the common law remedy is available. There is nothing in the opinion in the Novack case, given its proper application, which supports defendant's position, for there an employe was injured by accident in the course and because of the employment. The situation was clearly within the compensation act, and accordingly it was held exclusive of all other remedies, including, in the case of a minor, the parents' common law action for loss of services and expenses.

As already indicated, the compensation law, so far as it covers the field of rights and remedies as between employer and employe, is exclusive. No other effect can be given to the decisions referred to, except possibly by wrenching from its context here and there a sentence or so of the very proper discussion of the questions involved. The statute is a substitute for the common law on the subject which it covers and so far as it goes. But it does not affect rights and wrongs not within its purview, or which by implication or express negation are excluded.

By section 9 of the compensation law it is provided that, as to parties subject to part 2, "compensation according to the schedules hereinafter contained shall be paid * * * in every case of personal injury or death * * * caused by accident arising out of and in the course of employment." Section 10 goes on to say that subjection to the act, "shall be a surrender by the parties * * * of their rights to any other method, form or amount of compensation * * * and an acceptance of all the provisions of part 2 of this act." The scheme of compensation and the various provisions thus made operative do not include a case of the kind now under consideration, for the disease involved is not referred to by,

in fact it must be taken as intentionally excluded from, the portion of the act (section 67) dealing with occupational diseases for *only* "disablement  *  *  *  resulting from an occupational disease, described in subsection (9) of this section  *  *  *  shall be treated as the happening of an accident within the meaning of part 2 of this act." Finally a conclusive internal evidence to the same effect is the last sentence in section 69, reading as follows: "Except as otherwise expressly provided, Part 1 of this act shall not apply in cases where Part 2 becomes operative in accordance with the provisions thereof, but shall apply in all other cases, and in such cases shall be in extension or modification of the common law." Thus it appears clearly to have been the legislative intention to leave actions of the kind now under consideration under the common law, as modified by part 1 of the compensation act.

Any other construction of the statute would bring it within a condemnation pronounced by the supreme court of appeals of West Virginia in Cox v. U. S. Coal & Coke Co. 80 W. Va. 295, 92 S. E. 559, L. R. A. 1918B, 1118: "The construction of the statute contended for would destroy a long-existing common law right without giving anything in return therefor. It would be both unwise in policy, as tending to promote carelessness among employers, and repugnant to justice." Applied in the instant case, the result urged by defendant would not only destroy "a long-existing common law right," but it would make a mockery of the statute requiring employers to furnish a decent supply of fresh air to their employes.

The case is directly akin to Jellico Coal Co. v. Adkins, 197 Ky. 684, 247 S. W. 972, where it was held that "diseases of an employee contracted in the course of his employment and arising out of it, occasioned by the negligence of the employer, and not caused by traumatic injury, are not compensable" under the Workmen's Compensation Act of Kentucky, and that as to such diseases, "the employee may have an action at common law." We agree with the reasoning in support of that conclusion, to the effect that the humane and progressive purpose of the compensation law does not permit the denial of all remedy to employes who contract non-

compensable diseases through the negligence of their employers, particularly the violation of a statute intended for the protection of employes. The same result was reached in Shinnick v. Clover Farm Co. 169 App. Div. 236, 154 N. Y. Supp. 423, and Trout v. Wickwire Spencer Steel Corp. 195 N. Y. Supp. 528.

Courts are not permitted by construction to carry a statute, particularly one in derogation of the common law, beyond its clearly defined scope. It is for the legislature to limit or extend the operation of its enactments and, even though there are no self contained limitations, it would be judicial legislation to extend a statute beyond its subject matter. That is a general rule which would be violated if we were to hold otherwise than we do. But there is a more particular rule equally applicable. It is, "that an existing common law remedy is not to be taken away by a statute, unless by direct enactment or necessary implication." King v. Viscoloid Co. 219 Mass. 420, 106 N. E. 988, Ann. Cas. 1916D, 1170. The application of our compensation law to this case, an action by an employe to recover damages for a noncompensable disease suffered because of the negligence of the employer, would take away a common law remedy without substituting anything for it and would go far to nullify the statutory duty of employers to furnish adequate ventilation. This court does not propose to do anything of the kind. It is a result possible only through the amendment or repeal, expressly or by implication of the statute creating the duty. So far that has not taken place.

This case may be summed up by the statement that defendant is charged with violating its statutory duty to furnish adequate ventilation in the room where plaintiff was employed, and that thereby plaintiff claims to have become afflicted with a disease not enumerated in subsection 9 of section 67, chapter 82, L. 1921. Our conclusion is that the Workmen's Compensation Act does not apply; that the employe has his action for damages and that the demurrer to the complaint should have been overruled.

Order reversed.