CHARLES REPKA, Respondent, *v.* FEDDERS MANUFACTURING COMPANY, Appellant.

Fourth Department, November 10, 1933.

*Babcock & Sullivan* [*Philip A. Sullivan* of counsel], for the appellant.

*Jacob Weissfeld* [*Harold J. Tillou* of counsel], for the respondent.

THOMPSON, J. We must here determine whether an employee who, because of the negligence of his employer, and without negligence on his part, has contracted chrome poisoning, one of the occupational diseases listed in the Workmen's Compensation Law (§ 3, subd. 2, item 14), but has sustained no disability, can maintain a common-law action in negligence against his employer.

Plaintiff claims that because the provisions of the Workmen's Compensation Law do not cover cases of injuries, unless there is disability (§ 37, subd. 1; §§ 38, 39), the common-law remedy is available to a person suffering such an injury, although the specific injury or disease be mentioned in the Workmen's Compensation Law. We are impelled to a contrary opinion.

The object of the Workmen's Compensation Law was to effect a more just and economical system of compensation for injuries sustained by employees in the course of their employment, in place of the inadequate and at times unfair remedy provided by suits to be brought and disposed of in the courts. To do this in a practical and fair manner, it became necessary to readjust the rights and remedies of the parties as they were understood to exist at law. Under this legislation both classes, employer and employee, gained benefits and made concessions. (*Shanahan* v. *Monarch Engineering*

*Co.*, 219 N. Y. 469, 478; *Matter of Sweeting* v. *American Knife Co.*, 226 id. 201.) The purpose of the statute was to cover the whole realm of accidental injuries suffered by an employee in the course of his employment and to provide remedies therefor, "exclusive and in place of any other liability whatsoever." (Workmen's Comp. Law, § 11; *Brassel* v. *Electric Welding Co.*, 239 N. Y. 78, 80.) He no longer has his common-law remedy; he now has a remedy provided by the Workmen's Compensation Law as a substitute for it. (*Matter of Walker* v. *Clyde Steamship Co.*, 215 N. Y. 529, 531.)

If the act deprives the employee of remedies he enjoyed, or puts restrictions upon him to which he was not subject, prior to its passage, it confers upon him greater benefits than those before secured to him by statute or common law; and for burdens imposed, heavier ones are lifted. In return for the doubtful privilege of having a jury assess his damages, with the expense, lawyers' fees and the delay ordinarily attendant upon such litigations, the law assures him a definite compensation for his injury, caused with or without fault of his employer; and gives him a remedy prompt, certain and inexpensive.

"It is not accurate to say that the employee is deprived of all remedy for a wrongful injury. He is given a remedy. To be sure, the compensation or recovery is limited, and that in a sense may possibly constitute a taking; but if so, it is his contribution to an insurance scheme designed for his benefit, and may be justified on precisely the same grounds as the contribution exacted of the employer has been." (*Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514, 526; revd. on other grounds, 244 U. S. 205.)

If the act takes away common-law or statutory remedies of employees, it has authority for it in the constitutional amendment of 1913 (Art. 1, § 19) which overrides all else in the State Constitution. "'Nothing contained in this Constitution shall be construed to limit the power of the Legislature to enact' (employees' compensation laws) is the comprehensive language used and this excludes the limitations * * * of section 6 of article I relative to taking property without due process of law." (*Shanahan* v. *Monarch Engineering Co., supra*, 475.)

In reaching a determination that plaintiff is confined to his remedy under the Workmen's Compensation Law in this case, we find support in *Shanahan* v. *Monarch Engineering Co.* (*supra*). That action was brought by the next of kin of a deceased employee, he having died without leaving a widow, children or other dependents, to whom the law limited the payment of compensation. The court held that the constitutional amendment of 1913 (Art. 1, § 19) authorized the Legislature to adopt an employee's compensation

system, and to define who should be entitled to relief for damages without any State constitutional limitation whatever. In holding that the plaintiff had no cause of action, the court said: " It is not to be assumed that the Legislature intended to provide rights and remedies for some of the dependent relatives and to leave the old form of remedy in force as to the others. A new system was substituted in its entirety for an outgrown and objectionable one." In *Hyett* v. *Northwestern Hospital* (147 Minn. 413; 180 N. W. 552) plaintiff sustained a severe accidental injury, but he did not suffer disability from it. Mention of such an injury did not appear in the statute. The court held that the employee had no cause of action at law, it being the intent of the Workmen's Compensation Law to cover all accidental injuries arising in the course of employment, whether specifically mentioned or not. (See, also, *Freese* v. *Morrell & Co.*, 58 S. D. 634; 237 N. W. 886.)

In *Smith* v. *Baker* (157 Okla. 155; 11 Pac. [2d] 132) an accidental injury to plaintiff was held to come within the Workmen's Compensation Law, although the injury was not specifically mentioned in the act and did not disable him, the court saying that the fact that the act did not provide adequate relief in all cases did not authorize a civil action for the recovery of damages, his remedy under the statute being exclusive. In *Morris* v. *Muldoon* (190 App. Div. 689) the plaintiff sustained a permanent injury to the coccyx bone of the spine and a hernia. At the time they were sustained such injuries were not mentioned in the Workmen's Compensation Law. In holding that wherever an injury results in disability, total or partial, it comes within the purview of the statute even though there be associated injuries resulting from the accident, not specifically mentioned in it, the court said: " If, however, in every case where there could be found some injury not mentioned under the schedule of section 15 of the act, there is a separate right of action at common law for the damages sustained thereby, the Workmen's Compensation Law would become a farce and a recovery. could be had under the Workmen's Compensation Law with the right of action still existing for the injuries not mentioned in the schedule."

In *Farnum* v. *Garner Print Works & Bleachery* (184 App. Div. 911; affd., 229 N. Y. 554) plaintiff brought an action at common law against his employer for an accidental injury, in result of which he was rendered " permanently unable to have sexual intercourse or to beget children," and contended that the schedules under section 15 of the Workmen's Compensation Law did not provide a remedy for an injury of the nature suffered by him, and that, therefore, his common-law right of action remained. It appeared by his testimony that he could do the same amount of

work and had the same amount of energy as before the accident. In reversing a judgment in his favor, and dismissing the complaint, the Appellate Division held that plaintiff's sole remedy was under the Workmen's Compensation Law. Upon appeal to the Court of Appeals, the judgment of the Appellate Division was affirmed, without opinion (229 N. Y. 554).

We deem the reasoning of these cases controlling here. We are not unaware that some support for the plaintiff's contention may be found in the case of *Shinnick* v. *Clover Farms Co.* (169 App. Div. 236). But the case " was very presently overruled " (*Freese* v. *Morrell & Co., supra,* 890) by the holding in the *Jensen Case* (*supra*). (*Connors* v. *Semet-Solvay Co.,* 94 Misc. 405, 410.)

As has been said, the specific disease from which the claimant suffered is mentioned in the act. Plaintiff's remedy under it is, therefore, " exclusive and in place of any other liability whatsoever." (Workmen's Comp. Law, § 11.) The fact that because he has as yet sustained no disability does not entitle him to prosecute an action at common law. If and when he suffers disability, the provisions of the act will be available to him. He can no more recover for this injury now, there being no disability, than he can recover for pain and suffering. (*Matter of Sweeting* v. *American Knife Co., supra.*)

For these reasons the order should be reversed, and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON and CROSBY, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.