**MORGAN v. RAY L. SMITH & SON, Inc.**

No. 3282.

United States District Court
D. Kansas
Second Division.

Oct. 7, 1948.

972

George B. Powers, of Foulsten, Siefkin, Schoeppel, Bartlett & Powers, all of Wichita, Kan., and A. R. Swank and A. R. Swank, Jr., of Swank & Swank, all of Stillwater, Okl., for plaintiff.

Wayne Coulson, of Fleeson, Gooing, Coulson & Kitch, all of Wichita, Kan., for defendant.

MELLOTT, District Judge.

The issue before the court stems from a motion to dismiss filed by the defendant upon the grounds: (1) The court lacks jurisdiction of the subject matter, in that the claim asserted is justiciable only before the Iowa Industrial Commission; and (2) the complaint fails to state a claim upon which relief can be granted.

At the hearing upon the motion matters outside the pleadings were presented to, and not excluded by the court. Thereupon the court suggested that the motion be treated as one for summary judgment, to be disposed of as provided in Rule 56 Federal Rules of Civil Procedure, 28 U.S.C.A. The parties acquiescing, they were given reasonable opportunity to present all material made pertinent to such a motion by Rule 56, Cf. Rule 12(b), as amended, and affidavits and counter affidavits were filed before the time set by the court for the filing of briefs. The pleadings, admissions on file, and affidavits show that, except as to the amount of damages, there is no genuine issue as to any material fact. The question, then, is whether the moving party is entitled to judgment as a matter of law.

Summarizing the facts and the allegations of the complaint, an amount in excess of $3,000 is sought, diversity of citizenship is admitted and this court has jurisdiction. The action is for damages alleged to have been sustained through the negligence of the defendant while engaged in laying a pipe line near the City of Creston in the State of Iowa, plaintiff being an employee of defendant. The injuries received consisted of third degree burns which, it is alleged and admitted, resulted in disfigurement. Since the accident occurred "the insurance carrier * * * has been paying * * * [the employee] the sum of $20.00 per week, starting eight (8) days following the date of said accident." In addition "the insurance carrier has paid hospital and doctor bills in the approximate sum of $770.00." On June 1, 1948, when the affidavits on behalf of claimant were filed, he had not then "fully completed his healing period so as to be able to return to his regular work."

For present purposes the important allegation in the complaint is Paragraph 7, in which it is stated that the injuries received resulted "in lasting and permanent disfigurement, and that under the Workmen's Compensation Law of the State of Iowa, disfigurement is not a compensable

injury and * * * no compensation is provided for disfigurement under" that law.

One affidavit on file states that, in the opinion of the affiant, an injury which results in disfigurement and impairs the earning capacity of an employee is compensable under Subsection 20 of Section 85.35 of the Iowa statute. Section 85.35 allows "compensation for permanent partial disability" beginning at the date of injury, as set out in a schedule containing nineteen subsections, subsection 20 thereof reading as follows:

"In all other cases of permanent partial disability, the compensation shall bear such relation to the periods of compensation stated in the above schedule as the disability bears to those produced by the injuries named in the schedule."

Another affidavit, however, states that the Iowa Industrial Commissioner's interpretation of the act is that "there is no liability on the part of an employer to compensate an employee for disfigurement resulting incident to an injury received in the course of employment * * *, disfigurement * * * [not being] included as a compensable injury either directly or indirectly * * *."

■ Manifestly, this court may make no binding adjudication of plaintiff's rights under the Workmen's Compensation Act of the State of Iowa. Code 1946, § 85.1 et seq. If the injured employee and his employer fail to reach an agreement in regard to compensation, provision is made in the act, Sec. 86.14 et seq., for hearing before a deputy industrial · commissioner or board of arbitration, subject to review by the industrial commissioner and, upon appeal, by the courts. In this court's view, the result must be the same in this case whether disfigurement is, or is not, compensable under the Iowa act.

In general the act provides compensation for: (1) Temporary total disability; (2) permanent partial disability; and (3) permanent total disability. The compensation received by plaintiff seems to be in first class, it apparently being in the nature of payments for subsistence and medical expenses while recovering from an injury.

It is plaintiff's contention that acceptance of compensation is no bar to this action because the compensation act wholly fails to give him any redress for disfigurement, or for future expenditures for plastic surgery.

■ The Iowa statute, Sec. 85.20, like most Workmen's Compensation Acts, provides that the remedies under it are exclusive of all other rights and remedies. Under Section 85.3, it is "conclusively presumed" that the employer has elected to provide and pay compensation, according to the provisions of the chapter, "for any and all personal injuries sustained by an employee arising out of and in the course of the employment," and, in such cases, the employer is specifically "relieved from other liability for recovery of damages or other compensation for such personal injury." By failing to elect to reject the act, the employee agrees, under Section 85.17, "to accept compensation in the manner as by this chapter provided for all personal injuries sustained arising out of and in the course of the employment." Under the admitted facts, therefore, it seems that plaintiff must seek and find his remedy under that act, since the "personal injuries" sustained by him admittedly arose "out of and in the course of" his employment. The interpretation of these sections by the Supreme Court of Iowa in such cases as Stricklen v. Pearson Const. Co., 185 Iowa 95, 169 N.W. 628; Hilsinger v. Zimmerman Steel Co., 193 Iowa 708, 187 N.W. 493; Paine v. Wyatt, 217 Iowa 1147, 251 N.W. 78; and McGraw v. Seigel, 221 Iowa 127, 263 N.W. 553, 106 A.L.R. 1035; seems to support the conclusion suggested. But the importance of the question to the present litigants warrants a careful review of the arguments made and the authorities cited upon brief.

Plaintiff cites a group of cases in each of which recovery for a breach of a common-law duty was permitted because the injury complained of was not within the provisions of the applicable compensation act. Cases so holding are legion; but it would serve no useful purpose to attempt to collate them here. A few are set out

974

in the opinion of the Supreme Court of Kansas in Echord et al. v. Rush, 124 Kan. 521, 261 P. 820. Some of them deal with non-compensable occupational diseases. In this category is Triff v. National Bronze & Aluminum Foundry Co., 135 Ohio St. 191, 20 N.E.2d 232, 121 A.L.R. 1131. Others merely apply "Hornbook" principles, such, for example, that "blameless victims of an employer's torts should not be absolutely remediless, unable to recover either damages or compensation." While basically sound, the cited cases furnish but slight aid in finding the right answer to the question now before the court.

Out of the welter of cases cited by the plaintiff, only two tend to support his present contention: viz., Shinnick v. Clover Farms Co., 169 App.Div. 236, 154 N.Y.S. 423 and Boyer v. Crescent Paper Box Factory, Inc., 143 La. 368, 78 So. 596. Both have been criticized by other courts of last resort and have been followed very infrequently. The former may have been overruled by later decisions—some courts have so held, see e. g. Hyett v. Northwestern Hospital, 147 Minn. 413, 180 N.W. 552—and the latter, rendered by a divided court in 1917, seems to stand almost alone. The prevailing view may be gleaned from such cases as Connors v. Semet-Solvay Co., 94 Misc. 405, 159 N.Y.S. 431; Farnum v. Garner Print Works & Bleachery, 229 N.Y. 554, 129 N.E. 912; Morris v. Muldoon, 190 App.Div. 689, 180 N.Y.S. 319; and Hyett v. Northwestern Hospital, supra. In the last-mentioned case the plaintiff had suffered an injury to the pubic nerve, rendering him impotent. The court denied him the claimed right to maintain a common law action, saying, inter alia [147 Minn. 413, 180 N.W. 552]:

"* * * Every personal injury causes pain and suffering, * * * some result in the disfigurement of the person—the loss of a hand or other member of the body, an eye, scalds and burns upon the hands or face, all of which must be carried through life to the mental distress of the victim. * * * Matters of that character are proper elements of damage in the negligence action, but our Compensation Act makes no provision for a consideration thereof in the award to an injured employe, even though they may constitute his major or principal grievance."

In discussing the Boyer v. Crescent Paper Box Factory, Inc., case, supra, the court observed:

"* * * The case of Boyer v. Crescent Paper [Box Factory] Co. [supra], takes the other view of the Louisiana Compensation Act and supports plaintiff in the case at bar. But to follow that rule would in a large measure be destructive of the main purpose and scheme of the statute, and deprive the employer of a right expressly granted him in return for his concession of liability for the nonactionable injury. It would result also in opening wide the door to double litigation in a great majority of the compensation cases. * * *"

In Freese v. John Morrell & Co., 58 S.D. 634, 237 N.W. 886, the plaintiff employee was denied compensation for his damage from loss of a testicle, disfigurement and pain and mental suffering. Adams v. Iten Biscuit Co., 63 Okl. 52, 162 P. 938, involved a case of severe burns from an explosion of gases in a bakery oven. The employee was denied recovery for disfigurement in a civil action. The court held that the Workmen's Compensation Act, 85 O.S. 1941 § 1 et seq., made provision for disfigurement, and that, while it might be pitifully inadequate, it provided the exclusive remedy for the plaintiff. In Smith v. Baker, 157 Okl. 155, 11 P.2d 132, the same question was presented by an employee who, as the result of a compensable injury, had lost his sexual organs. The court held that it was without jurisdiction to grant relief, criticized Boyer v. Crescent Paper Box Factory, Inc. and Shinnick v. Clover Farms Co., supra, and declined to follow either of them.

Much that was said by the courts in the cases cited, and especially in Hyett v. Northwestern Hospital, supra, is apposite here. Whether, as defendant argues and as some of the cases hold, plaintiff is attempting to "split his cause of action" may be passed without decision. This much is clear: The injuries received by plaintiff arose "out of and in the course of the em-

ployment." As stated above, therefore, it seems that plaintiff must seek his remedy under the Iowa Compensation Act. He cannot recover under the act part of the damages sustained or detriment suffered and maintain a common law action for other damage sustained or detriment resulting from the same injuries.

Order is this date being entered sustaining the motion to dismiss.