113 So.2d 742 (1959)
Jesse J. GRICE, Appellant,
v.
SUWANNEE LUMBER MANUFACTURING COMPANY, Appellee.
No. B-86.
District Court of Appeal of Florida. First District.
July 7, 1959.
*744 Philip Barton and Richard J. Wilson, Gainesville, for appellant.
Lazonby, Dell, Graham & Willcox, Gainesville, for appellee.
WIGGINTON, Chief Judge.
From an order granting summary final judgment in favor of defendant, plaintiff appeals. There is no contention that there exists an issue of fact to be resolved by trial. The sole issue is one of law involving a question which has not heretofore been squarely passed upon in Florida.
The complaint alleges that while plaintiff was engaged as an employee of defendant in the operation of a piece of mechanical equipment referred to as a "hog and hopper", a block of wood was thrown out of the machine striking plaintiff in the left testicle. It is alleged that the injury suffered proximately resulted from the carelessness and negligence of defendant in failing to properly equip the machine with such reasonable and ordinary safety devices as would protect plaintiff operator from the occurrence which caused his injury. By reason of the injury, plaintiff was required to submit to surgery for the removal of his left testicle rendering him permanently disabled, and inflicting upon him such damages as will result from future pain and anguish, disfigurement, diminution of sexual propensity, physical handicap and future medical expenses.
Among the defenses interposed by defendant to this common law action is one alleging that at the time of the injury plaintiff was an employee of defendant; that the injury arose out of and in the course of plaintiff's employment; that plaintiff's remedy and defendant's liability are confined exclusively to those provided for and proscribed in the Florida Workmen's Compensation Act.[1]
After answering, defendant filed a motion for summary judgment. The motion is supported by an affidavit of an insurance agent which avers that at the time of plaintiff's injury there was in force and effect a workman's compensation insurance policy issued by the agent's company to defendant; that following plaintiff's injury the insurance company paid to him all benefits to which he is entitled under the Act, including compensation together with hospital, medical, surgical and other expenses incident to the claim.
Summary final judgment was then entered in favor of defendant.
Appellant proceeds upon the basic premise that the Workmen's Compensation Act is a substitute for the common law rights and liabilities of the employee and employer only on the subjects which it covers, and within its self contained limitations. That it does not affect rights which are not within the purview of the act or which by necessary implications or negation are excluded therefrom, we agree.[2] As a necessary corollary it follows that an employee is free to pursue his common law remedies for damages resulting from injuries not encompassed within the express provisions or intendments of the Act.[3]
*745 Appellant strenuously contends that a permanent injury to a testicle, such as was suffered by him, is not within the purview of the Workmen's Compensation Act.[4] Although he correctly points to the omission from the enumerated scheduled injuries any specific reference to an injury resulting in permanent damage to or loss of a testicle,[5] he does concede that by judicial interpretation the injury suffered might be construed as falling within the purview of the "other cases" provision of the Act.[6] However, appellant insists that such an interpretation would do violence to the fundamental principle which requires that statutes in derogation of the common law be strictly construed.
Attention is invited to the provision of the Act which defines "disability" to mean incapacity because of an injury to earn in the same or other employment the wages which the employee was receiving at the time of his injury.[7] Thus the compensation which an injured employee is entitled to receive under the Act represents the single element of damage known as "loss or diminution of earning capacity" computed on the arbitrary formulae prescribed by the Act.[8] It is not the injury (from which arises all the several common law elements of damage) that is compensable under the Act. It is the disability from the injury which results in a loss of earning capacity that is compensable.[9] It should be noted also that aside from the compensation benefits of the Act, other benefits are provided for the injured employee[10], and these benefits flow to the use of the employee absent any consideration of the "disability" aspect of the claim. Medical, surgical and other remedial treatment is provided for all injured employees who have not given notice, prior to the injury, of their waiver of benefits under the Act.[11]
Appellant urges that inasmuch as the several elements of damage suffered by him and alleged in his complaint do not include and have no relationship to loss of earning capacity, and are therefore not recoverable under the Act, he is free to pursue his common law remedies in an action at law to recover such damages.
With this contention we cannot agree. The Florida Workmen's Compensation Act constitutes social legislation which in its overall objective is intended to benefit the employee and employer alike, but which at the same time withdraws from each certain rights otherwise secured at common law. The contract of employment under the Act is statutory, and the Act is implicit in every employer-employee relationship irrespective of the nature of the employment.[12] The Act affords the exclusive remedy for recovery of damages arising from compensable injuries falling within its purview.[13] "This is the quid pro quo in which the sacrifices and gains of employees and employers are to some extent put in balance, for while the employer assumes a new liability without *746 fault, he is relieved of the prospect of a large damage verdict."[14]
Of course, an employee is privileged to reject the Act in the manner provided therein.[15] By so doing, he is left free to pursue his common law remedies and recover every element of damage suffered by him from an injury arising out of and in the course of his employment. In such a suit, however, he not only must carry the burden of proving that his injury proximately resulted from a breach of duty owed by his employer, but must also be prepared to meet and overcome the common law defenses of contributory negligence, assumption of risk and the fellow servant rule.[16]
Every accidental injury suffered by an employee which arises out of and in the course of his employment is within the scope of the Act if it is of such character that it results, or might have resulted, in a loss or diminution of earning capacity, either temporary or permanent, or for which the employer is obligated to furnish medical or other benefits. The fact that in a particular case the injury suffered does not in fact result in a loss or diminution of earning capacity is immaterial. By accepting the benefits of the Act, with the concomitant right to compensation and medical expenses irrespective of whether the employer is at fault, the employee relinquishes his common law rights to compensation for those elements of damages that normally flow from the injury but, having no relationship to earning capacity, are not compensable under the Act.[17] That the remedy so afforded by the Act is exclusive of all others seems to accord with the prevailing opinion of other courts in the country.[18]
This results in a yielding by both employer and employee of certain rights existing at common law for the new rights and remedies afforded by the Act. Any contrary interpretation would subject an employer to dual liability for practically every accidental injury suffered by his employees. The quid pro quo accruing to the employer as represented by the limited liability and exclusiveness of remedy provisions of the Act would be withdrawn. To construe the Act in any other way would not only be grossly violative of the underlying principles of the Act and injurious to the mutual benefits flowing therefrom, but under such circumstances the Act would be a farce and its ultimate repeal inevitable.
If the compensation thus provided is considered inadequate or allowance should be made to the employee for all or part of the common law elements or ingredients of relief known to the law of negligence, the change should be effectuated by legislation and not by judicial fiat.
An injury which results in damage to or loss of a testicle is of such character as to potentially, if not actually, cause a loss of earning capacity, either of temporary or permanent duration. If the injury causing disability results in a loss of earning capacity, compensation and other benefits are clearly recoverable under the Act.[19] This has been recognized in at least two separate decisions by our Supreme Court.[20] Since the injury in question falls within *747 the scope and purview of the Act, plaintiff is barred from pursuing common law remedies for the recovery of those elements of damage alleged in his complaint, even though they have no relationship to earning capacity and are therefore not compensable.
For the foregoing reasons the trial court was eminently correct in entering summary final judgment for the defendant and dismissing the complaint. The judgment is accordingly affirmed.
STURGIS and CARROLL, DONALD, JJ., concur.
NOTES
[1] F.S. Ch. 440, F.S.A.
[2] Rosier v. Roofing & Sheet Metal Supply Co., Fla. 1949, 41 So.2d 308; Rosenfield v. Matthews, 201 Minn. 113, 275 N.W. 698; Griffith v. Raven Red Ash Coal Co., 179 Va. 790, 20 S.E.2d 530.
[3] Larson's Workman's Compensation Law, Sec. 65.10; Hammett v. Vogue, Inc., 179 Tenn. 284, 165 S.W.2d 577.
[4] F.S. § 440.11, F.S.A.
[5] F.S. § 440.15(3) (a) to (t), inclusive, F.S.A.
[6] F.S. § 440.15(3) (u), F.S.A.  "Other cases: In all other cases in this class of disability the compensation shall be sixty per cent of the injured employee's average weekly wage for such number of weeks as the injured employee's percentage of disability is of three hundred fifty weeks."
[7] F.S. § 440.02(9), F.S.A.
[8] Ball v. Mann, Fla. 1954, 75 So.2d 758; Rosier v. Roofing & Sheet Metal Supply Co., see note 2.
[9] Allen v. Maxwell Co., 152 Fla. 340, 11 So.2d 572.
[10] F.S. § 440.13, F.S.A.
[11] F.S. § 44.03, F.S.A.
[12] Winn-Lovett Tampa v. Murphree, Fla. 1954, 73 So.2d 287.
[13] F.S. § 440.11, F.S.A.
[14] 2 Larson's Workman's Compensation Law, Sec. 65.10.
[15] F.S. § 440.05, F.S.A.
[16] F.S. § 440.07, F.S.A.
[17] Chamberlain v. Florida Power Corp., 144 Fla. 719, 198 So. 486. See note 5.
[18] Morgan v. Ray L. Smith & Son, Inc., D.C.Kan., 79 F. Supp. 971; Freese v. John Morrell & Co., 1931, 58 S.D. 634, 237 N.W. 886; Morris v. Muldoon, 190 App.Div. 689, 180 N.Y.S. 319; Hyett v. Northwestern Hospital For Women & Children, 1924, 147 Minn. 413, 180 N.W. 552.
[19] F.S. § 440.15(3) (u), F.S.A.
[20] Rosier v. Roofing & Sheet Metal Supply Co., see note 2; Cone Brothers Contracting Company v. Massey, 145 Fla. 56, 198 So. 802.