385 So.2d 181 (1980)
Alex SALKAY, Appellant,
v.
Basil C. DEUSCHLE, Jr., Robert L. Lambert and Harvey E. Ramsey, Individually and As Trustees of Manor Grove Land Corporation, and Ann Salkay and Patricia Ann Williams As Personal Representatives of the Estate of Ann Salkay Appellees.
No. 79-543.
District Court of Appeal of Florida, Fourth District.
July 9, 1980.
Alex Salkay, pro se.
Gerry L. Dondanville of Spear, Deuschle & Curran, Fort Lauderdale, for appellees, *182 Basil C. Deuschle, Jr., Robert L. Lambert and Harvey E. Ramsey, Individually and as Trustees of Manor Grove Land Corporation.
HERSEY, Judge.
This is an appeal from a final order dismissing with prejudice the third amended complaint and supplemental complaint of appellant, Alex Salkay.
Appellant was injured in an automobile accident. A workmen's compensation award entered by a judge of industrial claims determined that appellant was entitled to benefits from Manor Grove Land Corporation, his employer. The corporation was neither insured nor properly qualified as a self-insurer under the Workmen's Compensation statutes. The corporation was subsequently liquidated and appellant's award went unsatisfied, although separate proceedings remain pending seeking enforcement.
Appellant then filed a complaint against the appellees individually and as trustees of the liquidated corporation. After a series of motions, hearings and amendments to pleadings the order appealed from was rendered. The trial court based dismissal on res judicata, estoppel by judgment and lack of jurisdiction of the court over the subject matter. In part the court concluded:
E. That because of the foregoing the Third Amended Complaint and Supplemental Complaint cannot be cured by further amendment, and thus, should be dismissed with prejudice.
We disagree and reverse.
The issues tried and triable in the workmen's compensation proceeding were appellant's status as an employee injured in the course of and within the scope of his employment, the amount of his entitlement, the identity of his employer and methods of enforcement of the award. The complaint in the instant case is an attempt to allege that appellees in their capacity as trustees liquidated the corporation and thereafter, in their individual capacities, wrongfully, fraudulently and with intent to deprive appellant of his just entitlement, converted, concealed and secreted those assets. While the statute, Chap. 440, Florida Statutes, 1979, provides certain remedies for the enforcement of awards, the thrust of those provisions is to enable a claimant to proceed against the recalcitrant employer. Appellant's complaint alleges that the individual appellees, by the commission of independent torts, have not only made it impossible for the corporate employer, now defunct, to respond in damages, but also have substantially aggravated those original damages.
We have not found a Florida case precisely on point. However, in Grice v. Suwannee Lumber Mfg. Co., 113 So.2d 742, 744 (Fla. 1st DCA 1959) the court stated:
Appellant proceeds upon the basic premise that the Workmen's Compensation Act is a substitute for the common law rights and liabilities of the employee and employer only on the subjects which it covers, and within its self contained limitations. That it does not affect rights which are not within the purview of the act or which by necessary implications or negation are excluded therefrom, we agree.
The court, in Grice, supra, concluded:
... [I]t follows that an employee is free to pursue his common law remedies for damages resulting from injuries not encompassed within the express provisions or intendments of the Act.
And in Reed v. Hartford Accident & Indemnity Company, 367 F. Supp. 134 (E.D.Pa. 1973) the District Court held that an action based on economic duress, fraud and bad faith in the payment of a compensation claim is not governed exclusively by the compensation act. By this opinion we align ourselves with the reasoning of this and the preceding case.
We therefore determine that a cause of action could be stated against appellees in their individual capacities by alleging the commission of one or more intentional torts. Further, we hold that the injuries complained of and not compensated for by the existing award are sufficiently independent to withstand an assault based upon res judicata or estoppel by judgment.
*183 We concur with the trial court that the third amended complaint and the supplemental complaint are defective. We disagree that they cannot be cured by further amendment.
The record discloses that Ann Salkay became deceased during the pendency of these proceedings. Her personal representative did not join in this appeal. The decedent's cause of action, if any, is therefore extinguished by the final judgment.
Accordingly, we reverse the order appealed from and direct that appellant be permitted to amend his pleadings so that a determination may be made as to the merits of appellant's claims.
REVERSED AND REMANDED.
LETTS, C.J., and HURLEY, J., concur.