453 So.2d 468 (1984)
AMERICAN FREIGHT SYSTEM, INC., Appellant,
v.
FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY and Donald R. Thomas, Appellees.
No. 82-2828.
District Court of Appeal of Florida, Second District.
July 25, 1984.
*469 T. Paine Kelly, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Jonathan L. Alpert of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
PER CURIAM.
This appeal requires us to construe apparently conflicting provisions of Florida's Workers' Compensation Law and Florida's Motor Vehicle No-fault Law. Stated succinctly, the central question is, does the exclusivity provision of the Compensation Act, section 440.11, Florida Statutes (1983), prohibit the reimbursement of personal injury protection benefits pursuant to section 627.7405, Florida Statutes (1983), from an employer who has paid out full workmen's compensation benefits. We answer the question in the negative.
The facts are undisputed. Donald Thomas was injured in an automobile accident caused by the negligence of a hit and run driver while Thomas was operating a motor truck in the course and scope of his employment. Thomas brought suit against appellee seeking payment of personal injury protection benefits pursuant to his uninsured motorist coverage provided by appellee. Prior to a trial on the merits, appellee admitted that Thomas was entitled to the benefits in the sum of $10,000 and this amount was paid to Thomas.
Demand was then made by appellee upon appellant for reimbursement under section 627.7405. After appellant refused the demand, appellee filed this third party action. In answer to the third party complaint, appellant argued that the exclusive remedy of an employee against his employer is under the Compensation Act and that since appellant had paid full compensation benefits to Thomas it was not liable for any additional payment. Appellee subsequently filed a motion for summary judgment which was granted by the trial court. This appeal timely ensued.
Section 440.11 reads in pertinent part as follows:
440.11 Exclusiveness of liability. 
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and *470 in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death.
Section 627.7405, on the other hand, provides that "any insurer providing personal injury protection benefits on a private passenger motor vehicle shall have ... a right of reimbursement against the owner or the insurer of the owner of a commercial motor vehicle if the benefits paid result from such person's having been an occupant of the commercial motor vehicle... ."
Suffice it to say that no inconsistency between the statutes exists. The Workers' Compensation Act attempts to compensate an employee, without regard to fault, for the loss of wage-earning capacity due to work related injuries. Seaboard Coastline Railroad Co. v. Smith, 359 So.2d 427 (Fla. 1978); Mullarkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla. 1972). By accepting the benefits of workers' compensation, including the concomitant right to compensation and medical expenses, the employee relinquishes the traditional common law right to remuneration for every element of damage suffered by him for the injury. Seaboard Coastline Railroad Co. v. Smith; Mullarkey v. Florida Feed Mills, Inc.
Although the Compensation Act is a substitute for the common law rights and liabilities of employers and employees, it covers only those subjects within its self-contained limitations. It does not affect rights which are not within the purview of the act or which by necessary implication or negation are excluded therefrom. Grice v. Suwanee Lumber Manufacturing, 113 So.2d 742 (Fla. 1st DCA 1959); see also Salkay v. Deuschle, 385 So.2d 181 (Fla. 4th DCA 1980).
Having examined section 440.11, as well as the other provisions of the Act, it is clear to us the exclusivity provision only immunizes the employer against tort liability arising from the employee's job-related injury. The provision does not preclude, nor does it purport to preclude, liability arising out of contract or some separate and distinct obligation incurred by the employer to the employee or others. With the passage of section 627.7405, the legislature required owners of commercial motor vehicles to reimburse no-fault carriers for the personal injury protection benefits paid as a result of accidents involving commercial motor vehicles. Because the obligation of reimbursement is a liability totally distinct from an employer's liability in tort, it does no violence whatsoever to the exclusivity principle embodied in section 440.11.
Accordingly, we affirm the final summary judgment granted by the trial court.
BOARDMAN, A.C.J., and SCHEB and OTT, JJ., concur.