456 So.2d 549 (1984)
FLORIDA FARM BUREAU MUTUAL INSURANCE COMPANY, a Florida Corporation, Appellant,
v.
TROPICANA PRODUCTS, INC., and General Accident Fire & Life Assurance Corporation, Ltd., Appellees.
No. 83-3009.
District Court of Appeal of Florida, Third District.
September 25, 1984.
*550 Bedford & Whitelock and Jack Whitelock, Miami, for appellant.
Carey, Dwyer, Cole, Eckhart, Mason & Spring and Harriet Lewis, Miami, for appellees.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
The single issue presented is whether a personal injury protection (PIP) insurer has a statutory right of reimbursement from the owner or liability insurer of a commercial vehicle, without regard to fault, where the PIP insurer has paid benefits to its insured under a private passenger motor vehicle insurance policy for injuries incurred when the insured was struck by a commercial vehicle.
At the heart of the controversy is Section 627.7405, Florida Statutes (1981), which provides:
627.7405 Subrogation. 
Notwithstanding any other provisions of ss. 627.730-627.741, any insurer providing personal injury protection benefits on a private passenger motor vehicle shall have, to the extent of any personal injury protection benefits paid to any person as a benefit arising out of such private passenger motor vehicle insurance, a right of reimbursement against the owner or the insurer of the owner of a commercial motor vehicle, if the benefits paid result from such person having been an occupant of the commercial motor vehicle or having been struck by the commercial motor vehicle while not an occupant of any self-propelled vehicle.
Appellant contends that Section 627.7405 is not a subrogation statute which requires a showing that the commercial vehicle owner and its insurer were at fault, but grants a "pure right of reimbursement without regard to ... fault" where a PIP carrier has paid benefits to its insured owing to injuries caused by a commercial vehicle. As evidence of legislative intent appellant compares the 1978 and 1981 versions of the statute, which were entitled Subrogation, with the 1982 version which is entitled Insurers' Right of Reimbursement. (The statute remained, otherwise, unchanged.)
Rejecting appellant's argument, the trial court held that such a construction would be unconstitutional "as it would create two classifications of owners and insurers of vehicles, i.e., owners and insurers of commercial vehicles and owners and insurers of all other vehicles, without a rational basis for such classification... ." It then looked to the pleadings and the stipulated facts presented in support of the motion for summary judgment and, finding no allegation of "facts which would give rise to a claim of subrogation in favor of the plaintiff," entered judgment for the commercial vehicle owner and its insurer. We agree.
Affirmed.