547 So.2d 325 (1989)
DEALERS INSURANCE COMPANY, INC., Etc., Appellant,
v.
JON HALL CHEVROLET COMPANY, INC., Appellee.
No. 88-2426.
District Court of Appeal of Florida, Fifth District.
August 10, 1989.
*326 Carey N. Bos, Orlando, for appellant.
Keith C. Warnock of Cameron, Marriott, Walsh & Hodges, P.A., Daytona Beach, for appellee.
SCHEB, J.M., Associate Judge.
The trial court dismissed Dealers Insurance Company's action seeking reimbursement from Jon Hall Chevrolet Company under Section 627.7405, Florida Statutes (1985), for personal insurance protection (PIP) benefits Dealers paid to one of Jon Hall's employees. That statute provides for reimbursement from the owner or insurer of a commercial vehicle where the PIP insurer has paid benefits to its insured under a private passenger automobile policy.
On September 19, 1986, one of Jon Hall's employees was involved in an accident while driving a pickup truck held by Jon Hall for retail sale. Dealers paid the employee PIP benefits under the employee's private passenger automobile policy. Dealers later filed suit under section 627.7405 against Jon Hall to recover PIP benefits it paid. The trial court dismissed the action with prejudice, citing Florida Farm Bureau Mutual Insurance Company v. Tropicana Products, Inc., 456 So.2d 549 (Fla. 3d DCA 1984), review denied, 464 So.2d 554 (Fla. 1985), as authority for holding the statute unconstitutional.[1] We reverse.
Section 627.7405, Florida Statutes (1985), provides:
627.7405. Insurers' right to reimbursement
Notwithstanding any other provisions of ss. 627.730-627.7405, any insurer providing personal injury protection benefits on a private passenger motor vehicle shall have, to the extent of any personal injury protection benefits paid to any person as a benefit arising out of such private passenger motor vehicle insurance, a right of reimbursement against the owner or the insurer of the owner of a commercial motor vehicle, if the benefits paid result from such person having been an occupant of the commercial motor vehicle or having been struck by the commercial motor vehicle while not an occupant of any self-propelled vehicle.
On appeal, Dealers argues that the court erred in dismissing its action because the statute, whose plain terms clearly entitle Dealers to reimbursement from Jon Hall, is constitutional. Jon Hall, on the other hand, argues that the statute violates the equal protection clauses of the United States and Florida Constitutions. It contends that to afford PIP insurers reimbursement without regard to fault on the part of the commercial vehicle owner improperly creates two classifications  (1) owners and insurers of commercial vehicles and (2) owners and insurers of all other vehicles. Further, it argues there is no rational basis for the distinction between commercial and noncommercial vehicle owners and insurers in regard to PIP benefit reimbursement.
We recognize the distinction which exists, but we find the legislative classification to be reasonable and non-arbitrary. The legislature has a wide discretion in this area and a legislative classification will not be annulled by the court on equal protection *327 grounds unless it is wholly without a reasonable or practical basis and unjustly discriminates between persons similarly regulated. See Reserve Insurance Company v. Gulf Florida Terminal Company, 386 So.2d 550 (Fla. 1980); State ex rel. Pennington v. Quigg, 94 Fla. 1056, 114 So. 859 (1927). Because of its quasi-public nature and statewide effects, insurance is an appropriate subject for legislative control. See Springer v. Colburn, 162 So.2d 513, 514 (Fla. 1964). In making distinctions in insurance law, the legislature has broad discretion and many distinctions have been upheld as having a rational basis. See, e.g., Purdy v. Gulf Breeze Enterprises, Inc., 403 So.2d 1325 (Fla. 1981) (distinction between plaintiffs injured in automobile accidents and those injured in other accidents not violative of equal protection); State Department of Insurance v. Insurance Services Offices, 434 So.2d 908 (Fla. 1st DCA 1983), review denied, 444 So.2d 416 (Fla. 1984) (legislature intended to permit discrimination in insurance based on sex, marital status, and scholastic achievement so long as not unfair or based solely on these factors).
From the inception of Florida's no-fault insurance framework, distinctions often have been made between commercial and personal vehicles. For example, commercial vehicles were originally excluded from the statutory no-fault scheme, and their exclusion was unsuccessfully challenged on the same equal protection theory advanced here. Lasky v. State Farm Insurance Company, 296 So.2d 9 (Fla. 1974). The legislature has continued to revise Florida's no-fault insurance laws, and courts have recognized various commercial-personal use distinctions including the prohibition of aggregating or "stacking" uninsured motorist coverage for each insured vehicle owned by a business while allowing such stacking where the vehicles were privately owned. Travelers Insurance Company v. Pac, 337 So.2d 397 (Fla. 2d DCA 1976), cert. denied, 351 So.2d 407 (Fla. 1977).
We perceive a rational basis for the legislature to have determined the need for the instant distinction between commercial and personal vehicles in the economics of who can best afford to bear the burden of injuries and damage sustained when a commercial vehicle is used by individuals having private passenger insurance. Were the employee's PIP carrier required to bear such costs, the financial risk of insuring that individual would increase and, accordingly, so would the employee's PIP premium rates. If, however, the employee's PIP carrier is able to recoup its outlay from the commercial vehicle owner or its insured, the PIP carrier will be less susceptible to liability and can reduce its rates for individual coverage. Under the statutory scheme as it existed at the time of the subject incident, a commercial vehicle owner was required to obtain PIP insurance on all of its vehicles. § 627.733, Fla. Stat. (1985). Payment of these premiums is a known cost of doing business, and we think the legislature could rationally determine that the burden properly rests with the commercial vehicle owners.
We recognize that our decision conflicts with Farm Bureau v. Tropicana, on which the trial court relied in dismissing Dealers' reimbursement action. In Tropicana, the third district held that section 627.7405 must be read to require a finding of fault on the part of the commercial vehicle owner or else that section would violate the equal protection clauses. We disagree with that holding.
First, we find that the statute bears a reasonable relationship to the legitimate state interest of regulating insurance. We think the legislature could reasonably believe that this measure would properly allocate the risks of insurance, and the attendant burden of increased premiums, to businesses which are better able to absorb the cost than private individuals. Further, we think elimination of the need to establish fault is consistent with the no-fault insurance concept.
Second, the appellate court in Tropicana gave little regard to the fact that in 1982 the legislature changed the title of the statute from "subrogation," which may have implied that a determination of fault is a condition precedent to recovery, to "right of reimbursement," which carries no such *328 connotation. No other changes were made. In light of the absence of modifications to the body of the statute, we think the change in the title is suggestive of the legislature's intent that the issue of fault is irrelevant to this area.
We find further support for our decision in American Freight System, Inc. v. Florida Farm Bureau Casualty Insurance Company, 453 So.2d 468 (Fla. 2d DCA 1984). There, the court upheld a summary judgment in favor of an injured employee's PIP carrier seeking reimbursement from the employer in a factual scenario similar to the instant case. The court rejected the employer's argument that its only responsibility was to provide workers' compensation benefits, holding that workers' compensation replaces only the employer's traditional tort liabilities. The court concluded that an employer's statutory obligation to reimburse no-fault carriers is a liability totally distinct from tort, and therefore, section 627.7405 does not violate the exclusivity principle embodied in the workers' compensation statute. Although it is not precisely on point, we think American Freight suggests that the second district concluded that the legislature could properly determine that a commercial vehicle owner's obligation to reimbursement of PIP benefits is an acceptable cost of doing business in the state.
Accordingly, we find section 627.7405 to be constitutional. Therefore, we reverse the trial court's dismissal of Dealers' reimbursement action and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] We note that the trial judge acted correctly in following the decision of the third district in the absence of an expressly conflicting appellate decision and where this court had not decided the issue. Chapman v. Pinellas County, 423 So.2d 578 (Fla. 2d DCA 1982).