865 So.2d 590 (2004)
AMERISURE INSURANCE COMPANY, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 2D02-4757.
District Court of Appeal of Florida, Second District.
January 14, 2004.
Rehearing Denied February 17, 2004.
*591 K. Mitch Espat of Smith Clark Delesie Bierley Mueller & Kadyk, Tampa, for Appellant.
David B. Kampf and Sonya S. Hammac of Ramey, Ramey & Kampf, P.A., Tampa, for Appellee.
KELLY, Judge.
Amerisure Insurance Company appeals a final summary judgment in favor of State Farm Mutual Automobile Insurance Company in an action in which State Farm sought reimbursement under section 627.7405, Florida Statutes (2001), for personal injury protection ("PIP") benefits it paid to its insured.[1] We affirm.
Kelly Edman, accompanied by her five children, was driving a commercial vehicle owned by Wright Construction Corporation *592 and insured by Amerisure. A southbound automobile crossed the median and struck Mrs. Edman's automobile. Mrs. Edman received PIP payments from her personal insurer, State Farm, for the injuries she and her children sustained in the accident. State Farm then sought reimbursement from Amerisure pursuant to section 627.7405. Amerisure refused, arguing that in the absence of fault on the part of Mrs. Edman or Wright Construction Corporation, it was not obligated to reimburse State Farm for the PIP payments it made to Mrs. Edman.
Section 627.7405 provides:
Notwithstanding any other provisions of ss. 627.730-627.7405, any insurer providing personal injury protection benefits on a private passenger motor vehicle shall have, to the extent of any personal injury protection benefits paid to any person as a benefit arising out of such private passenger motor vehicle insurance, a right of reimbursement against the owner or the insurer of the owner of a commercial motor vehicle, if the benefits paid result from such person having been an occupant of the commercial motor vehicle or having been struck by the commercial motor vehicle while not an occupant of any self-propelled vehicle.
Amerisure argues that this statute must be interpreted to require fault on the part of the commercial owner as a prerequisite to reimbursement; otherwise, the statute would violate the equal protection clauses of the United States and Florida Constitutions. Amerisure contends that affording reimbursement to private vehicle insurers without regard to fault on the part of the commercial vehicle owner creates an arbitrary distinction between insurers and owners of private vehicles and insurers and owners of commercial vehicles.
An equal protection challenge to a statute that does not involve a fundamental right or suspect classification is evaluated by the rational basis test. Fla. High Sch. Activities Ass'n v. Thomas, 434 So.2d 306 (Fla.1983). If the classification bears a rational relationship to a legitimate governmental objective, this court must uphold the statute. Id. at 308. Amerisure rightly concedes that section 627.7405 serves a legitimate governmental purpose. That provision was added to the PIP statute in 1978[2] at the same time the legislature amended the statute to require owners of commercial vehicles to carry PIP coverage. The legislative history indicates that the amendments were designed in part to reduce overall automobile insurance rates.
Thus, the issue becomes whether it is conceivable that the legislative classification bears some rational relationship to that objective. See id. The party challenging the statute has the burden to establish that there is no conceivable factual predicate that would rationally support the classification. Id. Amerisure has failed to satisfy this burden. In fact, Amerisure's argument recognizes that the effect of the statute is to redistribute some of the risk of loss from insurers providing coverage for private vehicles to insurers providing coverage for commercial vehicles which, in turn, could be expected to reduce premium rates, at least for owners of private vehicles. Amerisure's real complaint is that this is an "inequitable" way for the legislature to achieve its objective of lowering insurance rates, not that is has no relationship to that objective. However, the rational relationship test does not focus on *593 whether the method chosen by the legislature is the wisest or most effective means of accomplishing its objective. Id. at 309.
We also note that although the constitutionality of section 627.7405 has never been addressed by this court, two other district courts have addressed the issue and reached opposite conclusions. In Florida Farm Bureau Mutual Insurance Co. v. Tropicana Products, Inc., 456 So.2d 549 (Fla. 3d DCA 1984), the Third District held, without discussion, that to construe the statute as providing for reimbursement without regard to fault "would be unconstitutional as it would create two classifications of owners and insurers of vehicles, i.e., owners and insurers of commercial vehicles and owners and insurers of all other vehicles, without a rational basis for such classification...." The Fifth District in Dealers Insurance Co. v. Jon Hall Chevrolet Co., 547 So.2d 325 (Fla. 5th DCA 1989), held that the plain language of the statute provided for reimbursement without regard to fault and that the statute bore a reasonable relationship to the legitimate state interest of regulating insurance. We agree with the Fifth District's reasoning in Dealer's Insurance and certify conflict with Florida Farm Bureau. Accordingly, we affirm the summary judgment in favor of State Farm.
Affirmed; conflict certified.
SALCINES and DAVIS, JJ., Concur.
NOTES
[1] We have jurisdiction in this case pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A).
[2] Ch. 78-374, § 7, Laws of Fla.