PER CURIAM.
Appellee State Farm Mutual Insurance Company filed an action in county court seeking reimbursement for personal injury protection (“PIP”) benefits from the Ap-pellee Tucker Transportation Company, Incorporated, under section 627.7405, Florida Statutes. A bench trial was held with State Farm presenting one of its claims processors, who testified that State Farm paid Tucker’s employee $9,999.80 in PIP benefits after he was involved in an accident while driving one of Tucker’s commercial vehicles. Tucker then moved for a directed verdict on the basis that (i) State Farm failed to state a cause of action because it failed to attach a copy of the insurance policy to the complaint, (ii) Tucker was immune from the operations of section 627.7405 under section 440.11 of the Workers’ Compensation Act, (iii) State Farm failed to allege a statutory right to reimbursement, and (iv) without a required finding of fault, section 627.7405 was unconstitutional.
The trial court entered its final judgment in favor of State Farm, concluding as a matter of law that section 440.11 did not immunize the Appellant from the operation of section 627.7405, accepting and applying the reasoning and holding in American Freight System, Inc. v. Florida Farm Bureau Casualty Insurance Co., 453 So.2d 468 (Fla. 2d DCA 1984). The Court then concluded that section 627.7405 did not require a finding of fault and did not violate the Appellant’s equal protection rights, citing Dealers Insurance Co. v. Jon Hall Chevrolet Co., 547 So.2d 325 (Fla. 5th DCA 1989).[1] The court also concluded *359 that the Appellee was not required to attach the insurance policy to the complaint because the action was not based upon a particular insurance policy, but was instead based upon a statutory right. After entering final judgment in favor of the Appellee, the trial court went on to certify questions of great public importance to this Court in accordance with Fla. R.App. P. 9.160.[2] Tucker appeals the trial court’s rulings, which we affirm on the same grounds as stated by the trial court.
AFFIRMED.
DAVIS, LEWIS and POLSTON, JJ., concur.

. See also Amerisure Ins. Co. v. State Farm Mut. Auto. Ins. Co., 865 So.2d 590 (Fla. 2d *359 DCA 2004) (citing Dealers Ins. and certifying conflict with Fla. Farm Bureau Mut. Ins. Co. v. Tropicana Prods., Inc., 456 So.2d 549 (Fla. 3d DCA 1984)), review granted, SC04-387 (Sept. 10, 2004).

. The questions are: "A. Is an employer immune under section 440.11, Florida Statutes from suit brought by an insurer under section 627.7405 for reimbursement of personal injury protection benefits paid to an employee of the employer? B. Is section 627.7405 unconstitutional to the extent it allows an insurer reimbursement from an employer for personal injury protection benefits paid to an employee of the employer without regard to fault of the employer?” The answer to both questions is "no.”