897 So.2d 1287 (2005)
AMERISURE INSURANCE COMPANY, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. SC04-387.
Supreme Court of Florida.
March 17, 2005.
*1288 K. Mitch Espat of Smith, Clark, Delesie, Bierley, Mueller, and Kadyk, Tampa, FL, for Petitioner.
Betsy E. Gallagher of Cole, Scott and Kissane, P.A., and David B. Kampf of Ramey, Ramey and Kampf, P.A., Tampa, FL, for Respondent.
ANSTEAD, J.
We have for review the decision in Amerisure Insurance Co. v. State Farm Mutual Automobile Insurance Co., 865 So.2d 590 (Fla. 2d DCA 2004), which cited with approval the opinion of the Fifth District Court of Appeal in Dealers Insurance Co. v. Jon Hall Chevrolet Co., 547 So.2d 325 (Fla. 5th DCA 1989), but certified conflict with the decision of the Third District Court of Appeal in Florida Farm Bureau Mutual Insurance Co. v. Tropicana Products, Inc., 456 So.2d 549 (Fla. 3d DCA 1984). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons set forth below, we approve the Second District Court of Appeal's decision that section 627.7405, Florida Statutes (2001), does not violate Amerisure's rights under the equal protection clauses of the federal and state constitutions.

FACTS[1]
Kelly Edman and her children were injured in an automobile accident while Edman was driving a commercial motor vehicle owned by Wright Construction Corporation and insured by Amerisure. Edman was not at fault. After the accident, State Farm, the insurer of Edman's private passenger motor vehicle, paid personal injury protection (PIP) benefits *1289 to Edman in compliance with the Florida Motor Vehicle No-Fault Law. See §§ 627.730-.7405, Fla. Stat. (2001). State Farm then requested reimbursement from Amerisure under the provisions of section 627.7405, requiring insurers of commercial vehicles to reimburse insurers of private vehicles for PIP payments. Amerisure refused to pay, and contended that it was not obligated to reimburse State Farm because neither Edman nor Wright Construction Corporation was at fault in the accident. State Farm then sued Amerisure, claiming a right to reimbursement under section 627.7405. The trial court granted final summary judgment in favor of State Farm's claim that it was entitled to reimbursement under the statute.
On appeal, the Second District affirmed the final summary judgment, citing agreement with the Fifth District's holding in Dealers that the plain language of section 627.7405 "provide[s] for reimbursement without regard to fault and... b[ears] a reasonable relationship to the legitimate state interest of regulating insurance." Amerisure, 865 So.2d at 593.

ANALYSIS
Section 627.7405 provides:
Insurers' right of reimbursement.  Notwithstanding any other provisions of ss. 627.730-627.7405, any insurer providing personal injury protection benefits on a private passenger motor vehicle shall have, to the extent of any personal injury protection benefits paid to any person as a benefit arising out of such private passenger motor vehicle insurance, a right of reimbursement against the owner or the insurer of the owner of a commercial motor vehicle, if the benefits paid result from such person having been an occupant of the commercial motor vehicle or having been struck by the commercial motor vehicle while not an occupant of any self-propelled vehicle.
In its opinion, the district court rejected Amerisure's contention that section 627.7405 creates an arbitrary classification of private and commercial vehicles in violation of the equal protection clauses of the federal and state constitutions. The Second District noted that Amerisure "concede[d] that section 627.7405 serves a legitimate governmental purpose," Amerisure, 865 So.2d at 592 ("The legislative history indicates that the amendments were designed in part to reduce overall automobile insurance rates."), and that Amerisure acknowledged a plausible reason for the classification; that is, that section 627.7405 reallocates some of the risk from the insurers of private vehicles to the insurers of commercial vehicles, with the result of reducing insurance premium rates for the owners of private vehicles.
Accordingly, the Second District concluded that Amerisure failed to satisfy its burden under the rational basis test of "establish[ing] that there is no conceivable factual predicate that would rationally support the classification." Id.
The Second District also certified conflict with the summary holding of the Third District in Florida Farm Bureau, approving a trial court ruling finding no rational basis for the provisions of section 627.7405 that require a commercial insurer to reimburse a private insurer even when the commercial vehicle owner is not at fault. Id. at 593; see Florida Farm Bureau, 456 So.2d at 550 (citing with approval the trial court's conclusion "that such a construction would be unconstitutional `as it would create two classifications of owners and insurers of vehicles, ... without a rational basis for such classification'").
In Dealers, the Fifth District also expressed disagreement with the Third District's holding in Florida Farm Bureau. *1290 Dealers, 547 So.2d at 327. The Fifth District upheld the constitutionality of section 627.7405, in part because it concluded that the statute's different treatment of commercial and private vehicles was rationally related to a legitimate state purpose:
Because of its quasi-public nature and statewide effects, insurance is an appropriate subject for legislative control....
....
We perceive a rational basis for the legislature to have determined the need for the instant distinction between commercial and personal vehicles in the economics of who can best afford to bear the burden of injuries and damage sustained when a commercial vehicle is used by individuals having private passenger insurance. Were the employee's PIP carrier required to bear such costs, the financial risk of insuring that individual would increase and, accordingly, so would the employee's PIP premium rates. If, however, the employee's PIP carrier is able to recoup its outlay from the commercial vehicle owner or its insured [sic], the PIP carrier will be less susceptible to liability and can reduce its rates for individual coverage.... Payment of the [ ] premiums is a known cost of doing business, and we think the legislature could rationally determine that the burden properly rests with the commercial vehicle owners.
....
... [T]he statute bears a reasonable relationship to the legitimate state interest of regulating insurance. We think the legislature could reasonably believe that this measure would properly allocate the risks of insurance, and the attendant burden of increased premiums, to businesses which are better able to absorb the cost than private individuals. Further, we think elimination of the need to establish fault is consistent with the no-fault insurance concept.
Id. In Amerisure, the Second District indicated its agreement with this rationale for denying Amerisure's constitutional claims. Amerisure, 865 So.2d at 593.
More recently, in Tucker Transportation Co. v. State Farm Mutual Automobile Insurance Co., 883 So.2d 357 (Fla. 1st DCA 2004), the First District Court of Appeal rejected similar constitutional claims. The First District approved a trial court's conclusion that "section 627.7405 did not require a finding of fault and did not violate the Appellant's equal protection rights, citing Dealers." Id. at 358.
As noted above, Amerisure has conceded that the rational basis test is applicable to its constitutional claim and that this test provides the most lenient level of scrutiny under the federal and state equal protection clauses. Dolan v. City of Tigard, 512 U.S. 374, 391, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994) ("`[R]ational basis' ... describes the minimal level of scrutiny under the Equal Protection Clause of the Fourteenth Amendment."); Markham v. Fogg, 458 So.2d 1122, 1127 (Fla.1984) ("The rational basis or minimum scrutiny test generally employed in equal protection analysis requires only that a statute bear some reasonable relationship to a legitimate state purpose.") (quoting In re Estate of Greenberg, 390 So.2d 40, 42 (Fla.1980)).[2] *1291 Amerisure also candidly concedes that the plain language of section 627.7405 does not require a finding of fault on the part of the owner of the commercial vehicle, and that the statute effectively makes the insurer of the commercial motor vehicle the primary insurer, even in the absence of the commercial vehicle owner's fault. Further, as previously noted by the Second District, Amerisure has conceded that section 627.7405 serves a legitimate governmental purpose. Amerisure, 865 So.2d at 592.
Therefore, the only remaining question is whether the Second District was correct in holding that the legislative classification scheme in section 627.7405 is rationally related to that legitimate purpose. On this question we agree with the Second District's analysis and conclusion, and we hold, therefore, that the classification in section 627.7405 does not violate the federal and state equal protection clauses because it is rationally related to a legitimate state objective of regulating insurance rates.
We do agree with Amerisure, however, that it, like State Farm, has a right to challenge the reasonableness and necessity of the expenses sought to be reimbursed by State Farm. While all parties concede that section 627.7405 provides for a right of reimbursement, we find nothing in the statute's language that would foreclose Amerisure from challenging the reasonableness and necessity of the expenses claimed.
Accordingly, we approve the decision below, as well as the decisions in Dealers and Tucker. We disapprove the decision in Florida Farm Bureau.
It is so ordered.
PARIENTE, C.J., and WELLS, QUINCE, CANTERO, and BELL, JJ., concur.
LEWIS, J., concurs in result only.
NOTES
[1] The following facts are taken from the Second District's opinion, Amerisure, 865 So.2d at 591-93.
[2] Where, as here, no suspect class or fundamental right is implicated, section 627.7405 "must be upheld if it bears a rational and reasonable relationship to a legitimate state objective and is not arbitrary or capriciously imposed." Dep't of Corr. v. Fla. Nurses Ass'n, 508 So.2d 317, 319 (Fla.1987); see also Pinillos v. Cedars of Lebanon Hosp. Corp., 403 So.2d 365, 367 (Fla.1981) ("Since no suspect class or fundamental right expressly or impliedly protected by the constitution is implicated by section 768.50, we find that the rational basis test rather than the strict scrutiny test should be employed in evaluating this statute against plaintiffs' equal protection challenge. The rational basis test requires that a statute bear a reasonable relationship to a legitimate state interest, and the burden is on the challenger to prove that a statute does not rest on any reasonable basis or that it is arbitrary."); Lasky v. State Farm Ins. Co., 296 So.2d 9, 15 (Fla.1974) ("The test to be used in determining whether an act is violative of the due process clause is whether the statute bears a reasonable relation to a permissible legislative objective and is not discriminatory, arbitrary or oppressive.").